7224

STATE v. BALLEW.

1. EVIDENCE OF AN ACCOMPLICE that defendants furnished tools to prisoners to aid them in escaping from jail is corroborated to some extent by proof of presence of defendants at jail in communication with the prisoners, absence of evidence that any one else had an opportunity to furnish the implements, and evidence of jailer that a hatchet, which some of the prisoners said was used to cut a bolt, was outside of the cell, and in his opinion the bolt could not have been cut off with it.

2. EVIDENCE.—Questions by trial Judge of defendant as to the illiteracy of his children did not tend to impeach their veracity, and was not an abuse of discretion.

3. EXCEPTION.—Under indictment for assisting prisoners to escape from jail, question can not be raised for first time on appeal that prisoners assisted to escape were not shown to have been confined by lawful process.

4. ASSISTING PRISONER TO ESCAPE.—Two persons may be jointly convicted of assisting prisoners to escape from jail on evidence tending to show that both of them were together at the jail in conference with the prisoners, and that one of them gave the prisoners the implements to be used in breaking out.

5. CONTRADICTION is properly excluded where time and place of conversation are omitted in laying foundation.

6. EVIDENCE—JURY.—It is improper for jury to take evidence by experiment, or otherwise, while out of Court inspecting the locality of a transaction, but new trial is refused here because defendants' counsel was present and saw the jury make the experiment, but failed to inform the Court of it until making motion for new trial.

7. REHEARING refused.

Before GAGE, J., Greenwood, February term, 1908. Affirmed.

Indictment against D. J. and D. W. Ballew for assisting prisoners in escaping from jail. Defendants appeal from sentence.

*Mr. D. H. Magill,* for appellants, cites: *Trial Judge should not ask questions of witness tending to show his opinion of his evidence:* Clark's Crim. Proc., 460; 21 Ency. P. & P., 994; 30 S. C., 138; 112 Ill. App., 458; 1 Cyc., 219. *Defense has the right to contradict a witness for State:* 33 S. C., 197; 4 Current L., 1964; 58 S. C., 75; 70 S. C., 183. *It is error to send to jury an issue not raised by pleadings:* 11 Ency. P. & P., 159. *Under indictment charging defendants with conveying three implements into jail, and proof of one taking two implements, defendants should not be convicted:* Clark's Crim. Proc., 326; 4 McC., 16; 10 Rich., 169; 15 Rich., 39; 1 Brev., 156; 20 S. C., 351. *Conviction should not be sustained on uncorroborated evidence of an accomplice:* 11 S. C., 275. *No evidence should be taken by jury while visiting scene of transaction:* 61 Am. R., 683; 42 Tex., 444.

*Solicitor R. A. Cooper,* contra. Oral argument.

This opinion was filed February 23, 1909, but remittitur held up on petition for rehearing until

June 17, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendants were convicted on an indictment framed under section 268 of Criminal Code, the indictment charging that they "did wilfully and unlawfully convey into the county jail of Greenwood county, where prisoners were lawfully confined and detained, certain implements for the purpose of aiding and assisting prisoners therein confined to escape, said instruments being a cold chisel, hammer, and a bunch of keys, against the form of the statute in such case made and provided," etc.

The questions made by the appeal will be considered without referring separately to each of the fifteen exceptions.

There is evidence that Mills Moore and Cohen Moore were confined in the Greenwood jail on the charge of stealing a cow, and Culbert Curry for assault and battery. Nathan Curry was also in jail, but it does not appear on what charge. The four were in one cell. Mills Moore testified for the prosecution that when the defendants, D. W. Ballew and D. J. Ballew, father and son, were at the jail together, D. J. Ballew gave a cold chisel and a hammer to one of the Currys; and that at another time the elder Ballew brought a bunch of keys for the Currys, who were his nephews, to use in escaping from jail. A bolt was cut with some implements and a hole was thus made large enough for Cohen Moore to escape. Mills Moore also testified the implements used were the hammer and chisel brought to the Currys. The defendants testified they had not carried to the jail the keys, hammer or chisel. Members of their family and M. F. Drake, who testified they were with defendants at the jail, corroborated their testimony. The Currys denied on the stand that the defendants had anything to do with the matter, and testified an old hatchet left by the jailer was used in breaking the bolt. The jailer, on the contrary, testified the hatchet was outside the cell and that in his opinion the bolt could not have been cut with the hatchet.

The defendants' counsel contends the Circuit Judge should have set aside the verdict, because it could stand only on the uncorroborated testimony of accomplices. The point that there was no request from defendants' counsel to charge on this subject may be waived, for there was corroborative evidence. The presence of defendants at the jail in communication with the prisoners, the absence of evidence that any one else had the opportunity to furnish an implement, the evidence of the jailer that the hatchet which the Currys, testifying on behalf of defendants, said was the

implement used, was found by him outside the cell, all taken together certainly furnish some corroboration of the evidence of the Moores.

Questions asked the defendant, D. W. Ballew, and his children, by the presiding Judge, about the illiteracy of the children, did not tend to impeach their veracity, and was not an abuse of discretion.

The ground of appeal, "that there is a total failure of proof that at the time of the alleged offense there were any persons in said jail there lawfully committed or detained," might be serious if the question had been made on the trial. There is evidence that the prisoners were in jail charged with acts which are criminal under the laws of the State, but there is no evidence of the process under which they had been committed or detained. The lawfulness of the commitment and detention seems, however, to have been assumed on trial; at least, the defendants did not in any way raise the question in the Circuit Court, and it is too late for them to make it here. *State* v. *Walker,* 79 S. C., 113, 60 S. E., 309.

There was no error of law in refusing a new trial, on the ground that the defendants could not be jointly guilty of one offense, because one of them at one time furnished the prisoners with a chisel and hammer, and the other at a different time passed in the keys. The evidence tended to show that when the chisel and hammer were given to the prisoners both defendants were present and acting together in the matter. It is not necessary that each should take part in the physical transportation of the implement if they are acting together, one of them carrying the implement, in furtherance of the common enterprise.

The essential elements of time and place were left out of the question relied on as the foundation of the contradiction referred to in the fourth exception, and the contradiction was, therefore properly excluded.

It remains to consider the ground of the motion for a
new trial, most earnestly pressed by counsel for appellants.
After the jury had retired to consider their verdict, they
returned to the Court room.   The record contains
this account of what then occurred: "The Foreman:
We just wanted to go down to the jail and look at
this place and see if we can see whether it was knocked off
or how it was cut.   The Court: What do you say, gentle-
men?   The Solicitor: The State has no objection.   Mr.
Magill: We have none.   The Court: Take the two prisoners
with you, Mr. Sheriff.   Under a recent decision they must
be there, too.   Take the prisoners along and let the jury
look at the place with the Ballews.   And all you do, Mr.
Sheriff, is just show them the place, and don't say another
word about anything around there, and don't let anybody
else say anything to them.   Show them the place where the
breaking was, and take the Ballews along, too.   Mr. Magill,
you may go if you desire."

While the jury were viewing the cell, Dukes, the prose-
cutor, exhibited to them the cord and piece of iron which
the defendants had endeavored to prove was used by the
prisoners to draw the hatchet into the cell.   Dukes placed
the hatchet out of the cell and against the wall.   The jury
then tried to throw the iron attached to the cord so as to
draw the hatchet into the cell, but failed for the reason as
contended by defendants' counsel, that the hatchet was
placed against the wall.   In deciding the motion for a new
trial, the Circuit Judge said he would grant the motion on
account of this action of the jury, but for the fact that the
defendants' counsel, with full knowledge of the action of
the jury, failed to bring it to the attention of the Court until
after the verdict.   Juries may be allowed, in the discretion
of the Court, to inspect the scene of the transaction under
investigation, but it is improper for the jury to take evi-
dence by experimentation, or otherwise, outside of the
Court.   *Thompson* v. *Mallet*, 2 Bay, 94.   There can be no

doubt, therefore, that the action of the jury in this instance was improper. But defendants' counsel was himself present for the very purpose of seeing that there was no unfairness towards the defendants, and if he felt aggrieved by the action of the jury, he was bound to exercise his right to complain as soon as practicable. The defendants, with full knowledge of the misconduct of the jury, having chosen not to complain to the Court, but rather to take the risk of a verdict in their favor, could not afterwards, because the verdict was against them, have a new trial on this ground. The general principle that a party can not take his chances of a successful issue, reserving vices in the trial, of which he has notice, for use in case of disappointment, is universally recognized and obviously just. It has been often applied in this State when the defendant has failed to make known his objection to individual jurors or to the panel until after the trial. *Blassingame* v. *Laurens,* 80 S. C., 38; *State* v. *Langford,* 74 S. C., 460, 55 S. E., 120.

It was applied in cases exactly like that here under consideration in *State* v. *Floyd* (Minn.), 63 N. W., 1096; *Trombley* v. *State* (Ind.), 78 N. E., 976; *State* v. *Barrington* (Mo.), 95 S. W., 235.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

June 17, 1909. PER CURIAM. A careful examination of this petition does not lead us to the conclusion that any material matter of law or fact was overlooked or disregarded; and the petition is, therefore, dismissed and the order staying the remittitur revoked.