## 12064

### LUMPKIN v. MANKIN

### (134 S. E., 503)

1. PLEADING.—Defendant, desiring that acts of negligence be specified, should make motion that plaintiff be required to make complaint more definite and certain.

2. AUTOMOBILES.—Question whether driver of automobile injuring mule was driving at greater speed than was reasonable, in violation of Act March 26, 1924 (33 St. at Large, p. 1182), *held* for jury.

3. AUTOMOBILES.—Evidence of conscious failure by automobile driver to observe due care, or of willfulness or recklessness or violation of Act March 26, 1924 (33 St. at Large, p. 1182), will warrant submission of issue of punitive damages.

4. AUTOMOBILES.—Evidence *held* sufficient to go to jury on question of punitive damages for injury to mule by automobile.

5. APPEAL AND ERROR.—That counsel, by reason of Court's withdrawal of issue of punitive damages, made no argument thereon to jury, though Court later decided to submit such issue, *held* not ground for reversal, in absence of request for leave to make further argument.

6. APPEAL AND ERROR.—The party cannot take his chances of successful issue and thereafter assert vices in trial, of which he had notice, as ground for reversal.

NOTE—(1) Motion to make complaint more definite and certain, see 21 R. C. L., 600; 3 R. C. L. Supp., 1174; 4 R. C. L. Supp., 1422.

7. DAMAGES.—Evidence *held* to sustain verdict for actual damages to mule injured by automobile.

Before WHALEY, J., Richland, November, 1925. Affirmed.

Action by Madison Lumpkin against Louisa Mankin. Judgment for plaintiff, and defendant appeals.

*Messrs. DePass & DePass* and *Alfred Wallace, Jr.,* for appellant, cite: *Court will consider defendant's evidence in determining whether nonsuit proper:* 95 S. C., 135; 78 S. E., 744. *Happening of accident does not raise presumption of negligence:* 29 C. J., 666. *Speed of motor vehicles regulated:* 33 S. C. Stat., 1183. *Where plaintiff's own evidence shows contributory negligence defendant may take advantage of it:* 29 Cyc., 605. *Plaintiff can only prove negligence as alleged:* 47 S. C., 28; 24 S. E., 992; 45 S. C., 278; 22 S. E., 883. *Attorney may argue any question raised to the jury:* 78 S. C., 143; 59 S. E., 986; 38 Cyc., 1470.

*Messrs. Cooper & Winter* for respondent.

September 10, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

Action between the plaintiff, a colored man, who owned a mule, and the defendant, a colored woman, who owned a Ford automobile. The mule and the automobile mixed up in Arthur Town, on the Bluff Road, in Richland County. One of the important issues was which got hurt the worst, the Ford or the mule. Plaintiff, on account of the conduct of the automobile and driver, claimed $500, actual and punitive damages, "either or both." The defendant denied plaintiff's claim, and demanded by counterclaim $500 damages, actual and punitive, on account of the conduct of the mule and the plaintiff.

The trial was before Judge Whaley, in the County Court of Richland County, and resulted in a verdict in plaintiff's

favor for $150 actual damages, and $100 punitive damages. The defendant was not satisfied with the result, and has asked this Court to review the trial.

At the conclusion of the plaintiff's testimony, the defendant asked for a nonsuit, for the reason "that no acts of negligence were alleged in the complaint or proven by the testimony." This motion was refused, and such refusal is made the basis of the first exception.

The allegations of the complaint as to negligence were in the most general terms. But, if the defendant wished the acts of negligence specified, she should have made a motion that the plaintiff be required to make his complaint more definite and certain. *Sutton v. Railway,* 82 S. C., 345; 64 S. E., 401. *Prescott v. Railway,* 99 S. C., 422; 83 S. E., 781.

There was some evidence as to negligence on part of the defendant. Plaintiff testified that he was trying to get the mule out of the road; that he saw the car "about a half acre before it struck mule," and the defendant did not try to stop the car, and made no effort to slow up, until after she had struck the mule, although one traveling in the road could have seen the mule "about a mile up the road." He also swore that the defendant told him that "she was just learning to drive car." One of plaintiff's witnesses testified that the defendant and the mule could both see each other some time before the collision. Another witness of plaintiff testified that the road was much traveled, that the automobile was running between 15 and 20 miles an hour, and that the mule was coming across the road "in a kind of a mule gait." And there was testimony that the defendant was not driving on the right side of the highway, but was in the middle of the road.

Act No. 721 of 1924, which regulates traffic upon highways of the State, contains a provision that no passenger vehicle shall exceed 35 miles per hour on rural roads, but it also has this provision:

"No person shall operate any vehicle on the public roads

of this State at a rate of speed greater than is reasonable and proper at the time and place, having regard to the traffic and use of the highway, and its condition, or so as to endanger the life, limb, or property of any person."

The trial Judge was right in submitting to the jury the question if the defendant was operating her Ford at a rate of speed greater than was reasonable and proper at the time and place, and under the circumstances surrounding her. The motion for nonsuit was properly refused.

At the conclusion of all testimony, the defendant moved for a directed verdict in her favor as to punitive damages, which was granted by the Court. After argument of counsel, the trial Judge became reminded of the Act of the General Assembly, referred to above, and he then submitted the issue of punitive damages, as well as the question of actual damages, to the jury, and made a clear charge as to the two classes of damages. The defendant has two exceptions pertaining to this action on the part of the Court. The first of these exceptions complains because the jury was allowed to consider the question of punitive damages. The second charges error because the attorneys for the defendant were deprived of the right to argue the question of punitive damages to the jury.

If there was evidence of a conscious failure to observe due care on the part of the defendant, or if there was evidence tending to show a violation of the Act of 1924 by the defendant, or if there was any evidence of willfulness or recklessness on the part of the defendant, then the County Judge was right in submitting the issue of punitive damages to the jury. In addition to the testimony already mentioned, there was some evidence that, at the time of the accident, the defendant commanded her daughter, who was in the car with her, to put the car in motion, and that the defendant hastened away from the place of the accident; and there was some testimony that the defendant refused to give the number of her car, when requested to do

so by the plaintiff. We think the jury should have passed upon the question of punitive damages.

After the trial Judge decided that he had erred in his first holding, and decided to submit to the jury the question of punitive damages, there was no request on the part of counsel for defendant to be allowed to make further argument to the jury. It appears also that attorneys for the plaintiff in their arguments to the jury did not touch upon the question of punitive damages. Usually the last argument to the jury, especially when punitive damages is discussed, is considered a great advantage to the plaintiff; and ordinarily we would think that it was in defendant's favor if none of the attorneys, who made speeches, referred to the right of a party to punitive damages. It appears, too, that there was no withdrawl from the jury as to the punitive damages claimed by the defendant. No doubt the Judge would have granted request for further argument, if such request had been made.

In *State v. Ballew,* 83 S. C., 82; 63 S. E., 688; 64 S. E., 1019; 18 Ann. Cas., 569, it was held that, generally, a party cannot take his chances of a successful issue reserving vices in the trial, of which he has notice, for use in case of disappointment in the result.

We do not think there was error on the part of the trial Judge in changing his ruling as to the matter of directing a verdict in favor of the defendant on the ground of punitive damages. To the contrary, when a Judge has overlooked a statute, or Act of the General Assembly, and during the trial he discovers his error, we think it is proper for him to change his holding.

Error is charged in the refusal of the trial Judge to grant a motion for a new trial, on the ground that the evidence was insufficient to sustain a verdict of either actual or punitive damages. What we have already stated disposes of the exception, as we have found that there was sufficient evidence to sustain the verdict of the jury. While the defendant contended that the mule was a "plug,"

the plaintiff insists that his animal was a splendid one. Whether or not the mule was a "plug" was a question for the jury. The trial Judge must have also thought well of the mule. We are not prepared, since we have not seen the animal, to say that the verdict was excessive, as contended by the defendant.

All the exceptions are overruled, and the judgment of the County Court of Richland County is hereby affirmed.

Messrs. Justices Watts, Cothran and Stabler and Mr. Acting Associate Justice Ramage concur.

Mr. Chief Justice Gary did not participate.