### STATE v. McGHEE *ET AL.*

#### (135 S. E., 59)

1. CRIMINAL LAW.—Instruction that alibi was an affirmative defense and had to be proven by preponderance of evidence *held* erroneous.

2. CRIMINAL LAW.—State must prove defendant's guilt beyond reasonable doubt, and if crime is such that defendant's presence is necessary element, proof thereof must be made.

Before HENRY, J., Kershaw, February, 1926.   Reversed and remanded for a new trial.

Charlie McGhee and another were convicted for setting fire to an unoccupied dwelling house belonging to defend-ant Charlie McGhee, and they appeal.

The opinion of Mr. Justice Cothran in *State v. Des Champs,* omitting the first paragraph, is as follows:

"I think that there is a very great difference between what are denominated the 'affirmative defenses' of insanity and alibi.   Unquestionably, as the law presumes the sanity of a defendant who is shown by the evidence and admitted by him  to have committed a crime, the burden is cast upon him to prove by the preponderance of the evidence the special plea of insanity, which he is required to interpose upon his arraignment subject to the companion rule that if upon the whole case the jury should entertain a reasonable doubt of his legal guilt, they must acquit.   But it seems to me that the so-called 'affirmative defense' of alibi is not an affirmative defense at all.   It.is simply evidence adduced by the defend-ant to sustain his plea of not guilty; that he did not commit the crime for the reason that he was not at the scene of the crime at the time of the occurrence.   The burden was upon the State to prove beyond a reasonable doubt that the defendant was present, at the scene of the crime and actually committed it.   If the defendant offers evidence which generates a reasonable doubt in the minds of the jury that he was at the scene of the crime when it was committed, which of course would result from evenly balanced evidence upon this point, he should be acquitted.

"In 16 C. J., 533, it is said: 'Nor is the burden resting on the State shifted by insisting erroneously that the accused is interposing the defense of alibi, and although defendant, where the case is otherwise made out against him, is bound to offer some evidence in support of his alibi, the State in all cases where his presence at the time and place of the crime is necessary to render him responsible must prove

that he was there, as a part of the case; and if from all the evidence there exists a reasonable doubt of his presence, he should be acquitted.'

"In *State v. Grice,* 106 S. C., 279; 91 S. E., 383, the Court said: The alibi was merely a means of disproving the charge'—not an affirmative defense, but a negation of the State's case.

"In *State v. McDaniel,* 68 S. C., 304; 47 S. E., 384; 102 Am. St. Rep., 661, it was held error to charge that the defense of accidental killing had to be established by the preponderance of the evidence. I cannot see that the defense that the defendant was elsewhere when the crime was committed is any more an affirmative defense than that the admitted killing was accidental. I really think that it was less so.

"I think that there is a very great doubt as to the contention of the State that the presiding Judge in his general charge was sufficiently explicit as to the duty of the State in establishing the guilt of the defendant beyond a reasonable doubt, as applied to the 'affirmative defense' of alibi. He did not specifically apply that principle when he went to charge upon alibi, and the jury may well have considered that he did not mean for it to apply in such a case. His charge conveyed the idea that, regardless of the rule he had correctly stated, when the defendant set up an affirmative defense and failed to establish it by the preponderance of the evidence (which, of course, would result from the even balancing of the evidence upon this point), they should repudiate his affirmative defense and convict him."

*Messrs. Mendel 'L. Smith* and *C. T. Graydon,* for appellants cite: *Improper joinder of counts in indictment:* 1 Rich., 260. *Confession obtained by holding out hope to accused:* 69 S. C., 72. *Burden on State to prove voluntary nature of confession:* 99 S. C., 504. *Admissibility of confession rests primarily with Judge:* 115 S. C., 506. *Conduct of officer receiving confession to be strictly scrutinized:* 127 S. C., 107; 116 S. C., 113; 112 S. C., 451; 74 S. C.,

478. *Defense of alibi does not relieve State of proving guilt beyond reasonable doubt:* 132 S. E., 613; 133 S.C., 67. *Defense of alibi merely negatives charge:* 134 S. C., 179; 106 S. C., 279; 68 S. C., 304. *Cases distinguished:* 25 S. C., 168; 24 S. C., 439; 18 S. C., 514. *Duty of Judge to declare the law:* Const. of 1895, Art.—Sec. 26. *Value of evidence of good character of defendant:* 129 S. C., 166; 116 S. E., 161; 25 S. C., 175; 24 S. C., 592; 13 S. C., 30; 3 Strob. L., 517.

*Messrs. A. F. Spigner, Solicitor,* and *L. A. Wittkowsky,* for respondent.

October 14 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE C. J. RAMAGE.

The defendants were convicted for being present at and setting fire to an unoccupied dwelling house, the property of Charlie McGhee, which building was subject to the lien of a certain mortgage given by Charlie McGhee to the Enterprise Building & Loan Association of Camden on the——day of——, 19—, and which building was covered by a certain fire insurance policy issued by the Commercial Union Assurance Company, Limited, against the form of the statute in such case made and provided and against the peace and dignity of the State. The defendants at the trial pleaded not guilty, and interposed a plea of "alibi" to the charge set forth in the indictment.

The Court does not deem it necessary to consider more than the fourteenth exception, which is as follows:

"That the Circuit Judge erred as a matter of law in charging the jury that alibi was an affirmative defense and had to be proven by the preponderance of evidence, whereas he should have charged that alibi was not an affirmative defense but was merely a defense interposed to the charge of the State negating the idea that the defendant was present

at the time of the alleged offense, it being respectfully submitted further that the only affirmative defenses are those which acknowledge the crime and plead avoidance or justification in connection therewith."

The rule heretofore announced respecting the defense of alibi has been in substance as follows: The State must prove beyond a reasonable doubt that the defendant is guilty, and, if involved in a crime where his actual presence is a necessary element, must prove that said defendant was at the place, and at the time, alleged in the indictment.

As stated above, the State must show the presence of the defendant beyond a reasonable doubt, and if on all the evidence in the case the jury has a reasonable doubt that the defendant was at the place, and at the time, alleged in the indictment, in person, then the jury must solve this doubt in favor of the defendant and must acquit.

It appears to the Court that this is the logical statement of the rule on the subject. The further statement found in the cases heretofore, that alibi is an affirmative defense and must be proven by the party on trial by the greater weight of the evidence, is illogical, lays down a rule, in part at least, inconsistent with the rule above stated, and is caluated to confuse the jury. In other words, if the defendant puts up testimony that will raise a reasonable doubt in the minds of the jury, why confuse the matter further by going ahead and stating that alibi is an affirmative defense and must be proven by the greater weight of the evidence? There can be no rational adjustment of these two statements so that they may be made to work in harmony.

The Court is satisfied that the opinion of Mr. Justice Cothran in *State v. Des Champs,* 134 S. C., 179; 131 S E., 420, holding that the defense of alibi is not an affirmative defense, correctly sets forth the law, and hereby adopts

that opinion in this case, with the exception of the first paragraph thereof.

It is the judgment of this Court that the judgment of the lower Court be reversed and the case remanded for a new trial.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE, and STABLER, concur.

MR. CHIEF JUSTICE GARY did not participate.