12160

STATE v. WEST *ET AL.*

(136 S. E., 736)

1. CRIMINAL LAW—IN PROSECUTION FOR HOUSEBREAKING AND LARCENY, INSTRUCTION THAT DEFENDANTS WERE GUILTY IN SAME DEGREE IF AT ALL, THOUGH ONE MIGHT BE GUILTY AND ONE NOT GUILTY, HELD NOT ERROR UNDER EVIDENCE.—In prosecution under indictment charging housebreaking and larceny, instruction that both defendants, if guilty, were guilty in the same degree, though one might be guilty and the other not guilty, *held* not erroneous, as against claim that one defendant might have been guilty of housebreaking and larceny and the other of larceny only, where under evidence, if believed, both defendants were guilty of both counts charged in indictment.

2. CRIMINAL LAW—DEFENDANTS, CHARGED WITH HOUSEBREAKING AND LARCENY, COULD NOT COMPLAIN OF FAILURE TO GIVE INSTRUCTION NOT REQUESTED.—In prosecution of two defendants for housebreaking and larceny, it was incumbent on defendants, if they desired an instruction to the effect that one of them might be found guilty of housebreaking and larceny, and the other of larceny only, to make a request to that effect.

3. CRIMINAL LAW—RULE PRECLUDING COMPLAINT OF FAILURE TO GIVE INSTRUCTION NOT REQUESTED DOES NOT APPLY IN CAPITAL CASES.—The rule precluding a defendant from complaining of failure to give an instruction not requested does not apply in capital cases, though it is applicable in prosecution for housebreaking and larceny.

4. COURTS—GIVING OF INSTRUCTION REQUESTED BY DEFENDANTS AS TO PROOF REQUIRED ON DEFENSE OF ALIBI HELD NOT REVERSIBLE ERROR, NOTWITHSTANDING CONTRARY DECISION OF SUPREME COURT NOT THEN REPORTED.—Giving of instruction requested by defendants that defense of alibi must be established by defendant by the greater weight of the evidence, and that, if jury had reasonable doubt as to whether defendant had proved his plea of alibi, it should be resolved in his favor, *held* not reversible error, though not in accord with a decision reported after trial of defendants' case.

Before GRIMBALL, J., Laurens, February, 1926. Affirmed.

Douglas West and Roseman Buzhardt were convicted of housebreaking and larceny, and they appeal.

*Messrs. W. B. Knight* and *O. L. Long,* for appellants,
cite: *Burden on State to prove presence of defendant at*
*scene of crime:* 135 S. E., 59; 131 S. E., 420.

*Mr. H. S. Blackwell, Solicitor,* for respondent.

February 21, 1927.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

The defendants West and Buzhardt were tried in the
Court of General Sessions of Laurens County on an indict-
ment containing two counts, one for housebreaking, and
and the other for larceny. Both were found guilty and
sentenced. They have appealed to this Court.

The State had testimony from one Alverson to show
that the defendants, West and Alverson, had an agreement
to break into and rob a store situate in the country; that on
the afternoon preceding the commission of the crimes al-
leged to have occurred that night, Alverson and West went
to Buzhardt's home; West and Buzhardt talked, but the con-
versation was not heard by Alverson; that the store was
broken into and robbed about 8 o'clock p. m. by Alverson
and West; that the goods stolen were carried some distance
to a waiting automobile, in charge of Buzhardt; and later
the goods were conveyed to Alverson's home. West and
Buzhardt denied participation in the crimes and all knowledge
thereof, and endeavored to establish pleas of alibi.

The appellants complain that the Circuit Judge
erred when he gave the following instruction to the
jury:

"The next question for you is the form of your verdict.
We have two defendants, and I charge you, first, that, if
you find both defendants guilty, you have got to find them
guilty both of the same degree of crime, but you can find
one not guilty and the other guilty."

In order to make clear what the Circuit Judge had in
mind when he gave the instruction quoted above, we think

we should insert other portions of his charge, which were as follows:

"Now, I charge you further that, when two or more people aid, assist, or abet one another in the commission of a crime, the act of one is the act of all; in other words, that, if two or more people engage in a common enterprise, helping and assisting one another in the shooting of a man, the pistol of one is the pistol of all, and the act of one is the act of all. Now, gentlemen of the jury, that is the law of this case applicable to the facts which you have heard, and you are to take that law and apply it to those facts as you find them to be from the testimony and bring in your verdict.

"The next question for you is the form of your verdict. We have two defendants, and I charge you, first, that, if you find both defendants guilty, you have got to find them guilty of the same degree of crime, but you can find one not guilty and you can find the other guilty. So that the form of your verdict will be one of the following forms: Either 'we find the defendants Douglas West and Rosemand Buzhardt not guilty,' or 'we find the defendants Douglas West and Rosemond Buzhardt guilty,' which will mean that they are both guilty of housebreaking and also both guilty of grand larceny; or 'we find the defendants Douglas West and Rosemond Buzhardt guilty of housebreaking and guilty of petit larceny,' or 'we find the defendants Douglas West and Rosemond Buzhardt guilty of housebreaking,' which would eliminate the charge of larceny; or 'we find the defendant, name one or the other, guilty and the defendant, name the other one, not guilty,' or 'we find the defendant, and name one or the other, guilty of housebreaking and guilty of petit larceny, and we find the defendant, name the other, not guilty,' or 'we find the defendant, name one of them, guilty of housebreaking, and

we find the defendant, name the other one, not guilty';
and these are the various forms of your verdict."

There are two reasons given for the assertion that the
charge was erroneous: (1) That it was a charge on the
facts; (2) that it did not contain a sound proposition of
law, in that the jury could have found one of the defend-
ants guilty of housebreaking and larceny and the other de-
fendant guilty of larceny.

It is the duty of the Court to charge the jury as to the
law which is applicable to the facts as brought out in the
testimony. The theory of the State's case was that Al-
verson and West did the actual breaking, and that Buzhardt
aided, assisted, and abetted therein. There was evidence
on the part of the State to sustain that theory, and it offered
no evidence as to any other theory. The defendants offered
no evidence to show that one of them may have been guilty
only of the larceny charge. Under the testimony submitted,
if the State's evidence was to be believed, both the defend-
ants were guilty of both counts set forth in the indictment.
on the part of the State to sustain that theory, and it offered
believed, neither of the defendants was guilty of either of
the crimes charged. The Judge charged the law in accord-
ance with the facts brought out in the testimony.

Again, we call attention to the fact that the record
shows that, when the Court had evidently concluded
his charge, the attorney for the defendants called
attention to two legal propositions on which he requested
the Court to instruct the jury, and the Court granted the
request. Under the circumstance, it is our opinion that,
if the defendants desired an instruction to the effect that
one of them might be found guilty of housebreaking and
larceny, and the other only larceny, a request to that effect
should have been made. In *State v. Ballew,* 83 S. C., 82; 63
S. E., 688; 18 Ann. Cas., 569, it was held:

"The general principle that a party cannot take his chances of a successful issue, reserving vices in the trial, of which he has notice, for use in case of disappointment, is universally recognized and obviously just."

That rule does not apply in capital cases. It does apply in cases like the one at bar. For the reason stated, we cannot hold that there is merit in the exception.

The other exception complains that the Circuit Judge erred in his charge as to alibi. He instructed the jury that the defense of alibi must be established by the defendant by the greater weight of the evidence; but, if there was a reasonable doubt in their minds as to whether or not the defendants had proved his plea of alibi, then that the doubt should be solved in that defendant's favor and he should be acquitted. The appellants contend that under the authority of the recent case of *State v. McGhee,* 137 S. C., 256; 135 S. E., 59, the charge was erroneous. Undoubtedly, the charge was not in accord with the case cited. It was in harmony with the law as recognized before the decision in the *McGhee case,* and that case had not been reported at the time of the trial of this case.

The record shows that the attorney for the appellants requested the Court to give the charge, which they now allege was erroneous. If the Judge, on his own initiative, had charged an incorrect proposition of law, which was prejudicial to the defendants, we would have to sustain the exception, but when the Court, at the request of a party, charges a proposition, which is not correct, we do not think that the party should be allowed to take advantage thereof. *State v. Ballew, supra,* is also authority for our position.

The judgment of this Court is that the exceptions be overruled, and that the judgment of the lower Court be, and the same is hereby affirmed.

Messrs. Justices Cothran and Stabler concur.

Mr. Chief Justice Watts and Mr. Acting Associate Justice R. O. Purdy dissent.

Mr. Justice Stabler: I concur in the opinion of Mr. Justice Blease upon the specific ground that the charge as applicable to the testimony in this case was free from error. A case might be presented where there was testimony tending to show that the defendants were guilty of different degrees of crime, in which event the charge as given would be erroneous.

Mr. Justice Cothran concurs.