### 16958

S. K. BROWN, Respondent, v. JOHN G. SINGLETARY and one John Deere Tractor and Trailer, 1951 Model A, Serial No. 683203, Appellants

(85 S. E. (2d) 738)

*Messrs. Keels & Hyman,* of Florence, *for Appellants,*

*T. Kenneth Summerford, Esq.,* of Florence, *for Respondent,*

February 7, 1955.

TAYLOR, Justice.

This case was tried at the January, 1954, Term of Civil Court in Florence County before Judge R. W. Sharkey and a jury. Timely motions were made for a nonsuit and directed verdict. The factual issues were submitted to the jury who returned a verdict for the defendant John G. Singletary, a verdict for the defendant tractor and trailer having previously been directed by Order of the Court. A Motion for a new trial was duly made and granted by the trial Judge on the ground that certain remarks made by him in ruling upon appellant Singletary's motion for a directed verdict in the presence of the jury were prejudicial to respondent's case and defendant Singletary appeals.

The record discloses that the trial Judge in considering appellants' motion discussed with counsel fully the testimony and its force and effect as he viewed it. Almost immediately thereafter, he realized that he had

inadvertently failed to excuse the jury and was apprehensive of the effect his remarks might have upon the jury. The jury having then been excused, he called this to counsels' attention stating:

"I have just been thinking, in view of the comments I made a few minutes ago in the presence of the jury, if I should submit the case to the jury now, and they should find for the defendant, those comments might be considered prejudicial. What do you say about that, Mr. Keels?"

Although this transpired after the jury was excused for the day, there was no motion made or objection raised thereto either then or upon resumption of the trial the next day, but such was made the ground for a motion for a new trial after the jury had rendered a verdict for (defendant) appellant. Not having done so, he cannot take his chances of a successful issue, reserving vices in the trial, of which he has notice, for use in case of disappointment in the result. *Lumpkin v. Mankin*, 136 S. C. 506, 134 S. E. 503; *State v. Ballew*, 83 S. C. 82, 63 S. E. 688, 64 S. E. 1019; *Broadway v. Jeffers*, 185 S. C. 523, 194 S. E. 642, 114 A. L. R. 1244.

We are therefore of the opinion that the act of the trial Judge in setting aside the verdict of the jury and granting a new trial in this case was an error of law; that the Order appealed from should be reversed, and it is so ordered.

STUKES, OXNER and LEGGE, JJ., and G. BADGER BAKER, A. A. J., concur.