1163

James F. HACKLER, III, Respondent v. EARL WIEGAND REAL ESTATE, INC., Appellant.

(368 S. E. (2d) 686)

Court of Appeals

*Carroll D. Padgett, Jr.,* Loris, *for appellant.*

*John L. Sweeny* and *Lucia B. Bacot* of *Hudson & Sweeny,* Conway, *for respondent.*

Heard March 15, 1988.

Decided May 9, 1988.

GARDNER, Judge:

James F. Hackler, III, (Hackler), a real estate broker in Horry County, South Carolina, sued Earl Wiegand Real Estate, Inc., (Wiegand), also a real estate brokerage firm, for the collection of a real estate commission as a co-broker. Hackler's complaint alleges that Wiegand agreed to a division of the real estate commission as a co-broker with him upon the sale of the subject property to the Halson Group, Inc.; that the sale to Halson was not consummated and that subsequently he, Hackler, found a buyer, Floyd, whom he introduced to Wiegand as a prospective purchaser of the subject property; that Floyd and his associates bought the subject property and that Wiegand refused to divide the real estate commission resulting from the sale of the subject property as Wiegand had previously agreed in the proposed sale to Halson. From a jury verdict for Hackler, Wiegand appeals. We affirm.

Wiegand made timely motions for nonsuit and directed verdict and a post-verdict motion for judgment n.o.v.; all of these motions were overruled.

The sole issue of merit is whether there is evidence of record to support the verdict of the jury and ensuing judgment.

When a jury verdict is appealed, this court can correct errors of law only; it will not disturb the jury's findings of fact unless a review of the record discloses no evidence reasonably supporting them. *Green v. Waidner*, 284 S. C. 35, 324 S. E. (2d) 331 (Ct. App. 1984).

In deciding a motion for directed verdict, the evidence and all reasonable inferences which can be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Timmons v. McCutcheon*, 284 S. C. 4, 324 S. E. (2d) 319 (Ct. App. 1984); the same rule applies to both motions for nonsuit and judgment n.o.v.

The contract of sale to Halson, prepared by Wiegand, provided that Wiegand was to receive 55 percent of the real estate commission and Hackler 45 percent. When the Halson sale fell through, Hackler, as noted, contacted Floyd, and at Hackler's instigation they met with Wiegand, whose listing contract on the subject property, according to Hackler's testimony, had then expired. As to this meeting, Hackler testified:

> And in our conversation, ultimately what we did is Mr. Floyd related to him that he and his group would be interested in exactly the same terms and conditions that the Halson Group had offered. And Mr. Wiegand was to make that offer to the landowners and they would get together the next day, depending on what the landowners' answer was.

Subsequently, Floyd and his associates purchased the subject property. And nothing in the record disputes the fact that Hackler was the procuring cause of the sale to Floyd and his associates. And, also, Wiegand was paid a 10 percent real estate commission from the sale.

While we hold that the above-related testimony and evidence negates Wiegand's argument that there is no evidence of record to support the verdict of the jury because there is no evidence of an express oral or written contract between Wiegand and Hackler, we affirm the judgment below because we hold that even if there had been a dearth of evidence to support an express oral or written contract, the record fully supports the proposition that there was an implied in fact contract.

The applicable law of this case is set forth in the case of *Stanley Smith & Sons, Inc. v. Limestone College*, 283 S. C. 430, 322 S. E. (2d) 474 (Ct. App. 1984); from this case we quote:

> A contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct. If the agreement is manifested by words, the contract is said to be express. If it is manifested by conduct, it is said to be implied. In either case, the parties must manifest a mutual intent to be bound. Without the actual agreement of the parties, there is no contract. [Citations omitted.]
>
> \* \* \* \*
>
> An implied contract, like an express contract, rests on an actual agreement of the parties to be bound to a particular undertaking. The parties must manifest their mutual assent to all essential terms of the contract in order for an enforceable obligation to exist. If one of the parties has not agreed, then a prerequisite to formation of the contract is lacking. [Citations omitted.]

283 S. C. at 433-434, 322 S. E. (2d) at 477.

Based upon the application of the above law to the facts and evidence of the record before us, we hold that there is credible evidence of record to support the appealed judgment; the appealed judgment is, therefore, affirmed.

Affirmed.

SANDERS, C. J., and BELL, J., concur.