### 1961

Joe C. GARRELL, Respondent v. Ed BLANTON and Greater Horry County Board of Realtors, Inc., Appellants.

(428 S.E. (2d) 8)

Court of Appeals

*Frank H. DuRant*, of *Durant & Martin*, and *George W. Cox, Jr.*, Myrtle Beach, *for appellants*.

*Howell V. Bellamy, Jr., Preston B. Haines, III*, and *Kathryn M. Cook*, all of *Bellamy Law Firm*, Myrtle Beach, *for respondent*.

Heard Dec. 1, 1992; Decided March 1, 1993.

Reh. Den. March 26, 1993.

*Per Curiam*:

Respondent Realtor Joe C. Garrell (Realtor Garrell) brought this action for a declaratory judgment and injunctive relief to contest an arbitration award and to determine the proper procedure for appeal. The matter was referred by the lower court to the Master-in-Equity. The Master invalidated the arbitration award. Realtor Ed Blanton (Realtor Blanton) and the Greater Horry County Board of Realtors, Inc. (Board) both appealed. We reverse.

In May, 1989, Realtor Blanton requested arbitration of a dispute concerning a $65,000 real estate commission in accordance with Board rules. Both Realtor Blanton and Realtor Garrell signed a written agreement to arbitrate and agreed to be bound by the award. At the arbitration hearing, Realtor Garrell learned that Realtor Blanton's membership status was questionable.[1] He, however, proceeded with the arbitration without objection.

The arbitrators returned an award granting Blanton one-half of the commission. After the award, Realtor Garrell researched the records of the Board and discovered that Blanton's membership had lapsed. He then initiated this action in the lower court. Realtor Garrell alleged the agreement to arbitrate was invalid because he signed the agreement under the belief that the arbitration was mandatory.

After hearing on a motion to dismiss, Judge McInnis held that the Uniform Arbitration Act (Act) did not apply to this case. The parties then filed an Amended Complaint and Answer. The matter was referred with finality to the Master-in-Equity, with any appeal directly to this Court. The Master invalidated the award, holding that the Board lacked subject matter jurisdiction to hold arbitration proceedings. We hold that the Act does apply to this case and reinstate the award of the arbitrators.

The Order of Judge McInnis found that the Board's rules and the Code of Ethics in Arbitration Manual (Manual), which governed the proceedings, stipulated that the Act did not apply. *See* S.C. CODE ANN. § 15-48-10(b)(1) (Supp. 1992). We do not find such a stipulation not its implication in the language of the Manual or the rules. As a result, we find the Act applicable to this case.

Appellants' basic argument is that Realtor Garrell cannot contest his agreement to arbitrate after his participation in the proceedings without objection. We agree. The proper procedure for contesting an agreement to arbitrate is to seek a stay of arbitration. S.C. CODE ANN. § 15-48-20 (Supp. 1992). Moreover, one cannot

---

[1] The by-laws of the Board make arbitration of disputes among members mandatory and arbitration with a nonmember voluntary. Realtor Blanton had let his membership lapse as of January 1989 but paid a portion of his membership fees in May 1989.

tolerate an irregularity in a proceedings, take his chances of success, and reserve the right to appeal upon losing the case. *Bollman v. Bollman,* 6 S.C. 29 (1875); *McNeal v. Black,* 61 N.C. App. 305, 300 S.E. (2d) 575 (N.C. App. 1983); *see generally, Brown v. Singletary,* 226 S.C. 482, 85 S.E. (2d) 738 (1955); *Lumpkin v. Mankin,* 136 S.C. 506, 134 S.E. 503 (1926).

Realtor Garrell had ample opportunity before the arbitration hearing to discover whether Realtor Blanton was or was not a member in good standing. As a member of the Board, he was charged with knowledge of its rules and regulations. Moreover, questions concerning Realtor Blanton's membership status were brought out in the arbitration. Yet, Realtor Garrell proceeded without objection. His participation in the arbitration without seeking a stay and without objection precludes his challenge of the agreement to arbitrate.

Moreover, we are not persuaded that the award of the arbitrators was void. Arbitration awards may only be vacated in limited circumstances. S.C. CODE ANN. § 15-48-130(a) (Supp. 1992). Respondent would argue that the arbitrators exceeded their powers. However, the issues before the arbitrators were well within the scope of the agreement to arbitrate. *Batten v. Howell,* 300 S.C. 545, 389 S.E. (2d) 170 (Ct. App. 1990). There are no grounds for vacating this award under the Act.

For these reasons, we affirm the action of the arbitrators and direct delivery of the award to Realtor Blanton. Accordingly, the ruling of the Master and the order of the lower court are

Reversed.

