24122

Joe C. GARRELL, Respondent v. Ed BLANTON and
Greater Horry County Board of Realtors, Inc., Appellants.

(447 S.E. (2d) 840)

Supreme Court

*Howell V. Bellamny, Jr.* and *Kathryn M. Cook,* both of *Bellamny, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.,* Myrtle Beach, *for petitioner.*

*Frank H. DuRant, DuRant & Martin,* of Myrtle Beach, *for Respondent Ed Blanton,* and *George W. Cox, Jr.,* Myrtle Beach, *for respondent Greater Horry County Bd. of Realtors, Inc.*

Heard May 17, 1994.

Decided July 18, 1994.

CHANDLER, Justice:

We granted certiorari to review the Court of Appeals' opinion[1] upholding an arbitration award granted to Respondent Blanton. Petitioner Garrell seeks to vacate the arbitration award pursuant to S.C. Code Ann. § 15-48-130(a)(1),[2] contending that it was procured by fraud and negligent misrepresentation. We disagree, and affirm the Court of Appeals.

This is a dispute between two realtors over a real estate commission. Blanton, seeking to recover one-half of the commission received by Garrell, invoked arbitration pursuant to

---

[1] *Garrell v. Blanton,* — S.C. —, 428 S.E. (2d) 8 (Ct. App. 1993).

[2] S.C. Code Ann. 15-48-130(a)(1) allows a party to vacate an arbitration award if "[t]he award was procured by corruption, fraud or other undue means."

the Code of Ethics and Standards of Practice of the National Association of Realtors, of which the Horry County Board of Realtors (Board) is a member. Arbitration is mandatory between members of the Board, but voluntary between a non-member of the Board and a member. Garrell was advised by the Board's Grievance Committee that arbitration was mandatory here. Upon arbitration, Blanton was awarded one-half of the commission.

Subsequent to the arbitration hearing, Garrell learned that Blanton's Board membership had lapsed for his failure to pay 1989 dues, and that he was reinstated without strict compliance with Board regulations. Garrell asserts that the irregularities in Blanton's membership status rise to the level of fraud or undue means, requiring the award be set aside.

We agree with Court of Appeals that Garrell waived any objection to arbitration by participating without objection. The Court noted that Garrell had ample opportunity to discover Blanton's membership status prior to arbitration and, moreover, that questions concerning Blanton's status arose at the arbitration hearing. Notwithstanding, Garrell did not object but, rather, continued with the hearing. Garrell is not entitled to attack the arbitration, having participated without objection.

We disagree with Garrell's contention that he was compelled to submit to arbitration at the risk of losing his Board member privileges. As a member of the Board he accepted such conditions. See *McNeal v. Black*, 61 N.C. App. 305, 300 S.E. (2d) 575 (1983).

We agree with Court of Appeals that S.C. Code Ann. § 15-48-130(a) provides limited circumstances for which an arbitration award may be vacated. Here, Garrell does not contend that the award itself was fraudulent or unfair but, rather, contests the arbitration itself. He has not established fraud or undue means within § 15-48-130(a).

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.