**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andrew Waldo; Jane Zheng; and SC Coast Properties, LLC d/b/a Keller Williams Realty, Respondents,

v.

Michael Cousins; Founders Five, LLC d/b/a Sperry Van Ness Founders Group; and South Carolina Association of REALTORS, Appellants.

Appellate Case No. 2018-001590

---

Appeal From Horry County
Cynthia Graham Howe, Master-in-Equity

---

Unpublished Opinion No. 2021-UP-368
Heard April 15, 2021 – Filed October 27, 2021

---

**REVERSED**

---

Lawrence Sidney Connor, IV, of Kelaher Connell & Connor, PC, of Surfside Beach, for Appellants Michael Cousins and Founders Five, LLC d/b/a Sperry Van Ness Founders Group; Marcus Angelo Manos, of Nexsen Pruet, LLC, of Columbia, and Christopher Randall Hampton, of Winston-Salem, North Carolina, both for Appellant South Carolina Association of REALTORS.

Douglas Michael Zayicek and Holly Michelle Lusk, both of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., of Myrtle Beach, for Respondents.

Elizabeth Van Doren Gray and Vordman Carlisle Traywick, III, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia, for Amicus Curiae National Association of REALTORS.

---

**PER CURIAM:** Michael Cousins and his real estate business, Founders Five, LLC d/b/a Sperry Van Ness Founders Group (together, Cousins) and the South Carolina Association of REALTORS (the Association) (collectively, Appellants) appeal the order of the Master-in-Equity vacating an award by the Association's Arbitration Hearing Panel, affirmed by its Procedural Review Hearing Tribunal, in favor of Cousins against Andrew Waldo, Jane Zheng, and SC Coast Properties, LLC d/b/a Keller Williams Realty (collectively, Respondents) in a dispute over a real estate sales commission. We reverse.

We agree with Appellants' argument the master erred in vacating the arbitration award. *See Pittman Mortg. Co. v. Edwards*, 327 S.C. 72, 76, 488 S.E.2d 335, 337 (1997) ("When a dispute is submitted to arbitration, the arbitrators determine questions of both law and fact."); *C-Sculptures, LLC v. Brown*, 403 S.C. 53, 56, 742 S.E.2d 359, 360 (2013) ("Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award." (quoting *Gissel v. Hart*, 382 S.C. 235, 241, 676 S.E.2d 320, 323 (2009))); *id.* ("An award will be vacated only under narrow, limited circumstances, *inter alia*, 'when the arbitrator exceeds his or her powers and/or manifestly disregards or perversely misconstrues the law.'" quoting *Gissel*, 382 S.C. at 241, 676 S.E.2d at 323); *Trident Tech. Coll. v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 108, 333 S.E.2d 781, 787 (1985) (explaining a manifest disregard of the law "presupposes something beyond a mere error in construing or applying the law"); *Grp. III Mgmt., Inc. v. Suncrete of Carolina, Inc.*, 425 S.C. 141, 153, 819 S.E.2d 781, 787 (Ct. App. 2018) ("Factual and legal errors by arbitrators do not constitute an abuse of powers, and a court is not required to review the merits of a decision so long as the arbitrators do not exceed their powers." (quoting *Gissel*, 382 S.C. at 242, 676 S.E.2d at 324); *Trident Tech. Coll.*, 286 S.C. at 104-05, 333 S.E.2d at 785 ("The primary function of arbitration is to

serve as a substitute for and not a prelude to litigation." (quoting *Farris v. Alaska Airlines, Inc.*, 113 F.Supp. 907, 908 (W.D. Wash. 1953))).

Several cases have upheld the division of real estate commissions without written agreements. *See, e.g. Batten v. Howell*, 300 S.C. 545, 549, 389 S.E.2d 170, 172 (Ct. App. 1990) (affirming confirmation of arbitration award of commission share from other broker and finding "there is clearly at least an arguable ground for the award"); *Hackler v. Earl Wiegand Real Est., Inc.*, 295 S.C. 396, 398, 368 S.E.2d 686, 687 (Ct. App. 1988) (upholding a verdict in favor of a broker in a commission dispute with another broker because "the record fully supports the proposition that there was an implied in fact contract"). Because these cases have not been clearly and explicitly overruled, they provide at least "barely colorable justification" for the Arbitration Panel's award. *See Grp. III Mgmt., Inc.*, 425 S.C. at 151-52, 819 S.E.2d at 786 ("A . . . court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law. On the contrary, the award 'should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" (quoting *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004))); *C-Sculptures, LLC*, 403 S.C. at 56, 742 S.E.2d at 360 (holding "for a court to vacate an arbitration award based upon an arbitrator's 'manifest disregard for the law,' the 'governing law ignored by the arbitrator must be well defined, explicit, and clearly applicable'" (quoting *Gissel*, 382 S.C. at 241, 676 S.E.2d at 323)).

2. We hold the master erred in finding the Association prejudiced Respondents' rights in the manner of its award and its failure to allow recording of the Procedural Review Hearing. First, we find these actions by the Association are not grounds for vacating an arbitration award. *See Garrell v. Blanton*, 311 S.C. 201, 203-04, 428 S.E.2d 8, 9 (Ct. App. 1993), *aff'd*, 316 S.C. 186, 447 S.E.2d 840 (1994) ("[O]ne cannot tolerate an irregularity in [an aribitration] proceeding, take his chances of success, and reserve the right to appeal upon losing the case."). Next, we hold the Association was not required to provide detailed findings of facts and conclusions of law in its award. *See Batten*, 300 S.C. at 549, 389 S.E.2d at 172 ("[A]rbitrators need not specify their reasoning or the basis of the award so long as the factual inferences and legal conclusions supporting the award are 'barely colorable.'" (alteration in original) (quoting *Trident Tech. Coll.*, 286 S.C. at 111, 333 S.E.2d at 789)); *id.* ("If a ground for the award can be inferred from the facts, the award should be confirmed."). We find the Policy of the South Carolina REALTORS Governing State Professional Standards Procedures (the SC Policy) did not require a more detailed order. The SC Policy's direction for Association Counsel to prepare a statement of facts and/or a summary of the reasons supporting

the decision made by the Arbitration Panel is for the consideration by the Arbitration Panel and not for the public award.  Finally, we believe the master erred in holding Respondents' rights were substantially prejudiced by the Association's refusal to allow them to have the Procedural Review Hearing transcribed or recorded.  As the master noted, the South Carolina Uniform Arbitration Act allows for recording the evidentiary hearing, which occurred here.  See S.C. Code Ann. § 15-48-50(d) (2005) ("Upon the request of any party or arbitrator, the arbitrators shall cause to be made a record of the testimony and evidence introduced at the hearing.").  While the National Association of Realtors Code of Ethics and Arbitration Manual prohibited the recording of the Procedural Review Hearing, this proceeding was limited to the review of fairness and due process issues arising from the initial hearing.  As these types of procedural issues were not raised in this case, we hold the failure to allow the recording of the Procedural Review Hearing does not support vacating the arbitration award.

For the foregoing reasons, the order of the master vacating the Arbitration Award is REVERSED and the arbitration award is reinstated.

**REVERSED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We need not address the remaining issues as the prior issues are dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).