KONDUROS, J.:
*784 **146 Suncrete of Carolina, Inc. appeals the circuit court's order altering the previous circuit court order, which had granted Suncrete's motion to modify the arbitration award on the basis that the arbitrator erroneously relied on South Carolina law **147 instead of North Carolina law when determining attorney's fees. We affirm.
FACTS/PROCEDURAL HISTORY
In October of 2012, Group III Management, Inc. entered into a construction contract with the Army Corps of Engineers for repairs, renovations, and upgrades to the Legion Pool Complex at Fort Jackson. The contract included removal of an existing swimming pool, construction of a new pool and deck, and construction of a building and other improvements. In November of 2012, Group III entered into a contract (the Contract) with Suncrete, which was doing business as Crystal Pools, for Suncrete to build the new swimming pool and deck for $339,960. The Contract included an arbitration clause, which specified the Federal Arbitration Act (FAA) applied to the agreement to arbitrate. The Contract also stated it was governed by North Carolina law. It further provided:
Should either party employ an attorney to institute suit or demand arbitration to enforce any of the provision hereof, to protect its interest in any matter under this Agreement, to collect damages for the breach of the Agreement, or to recover on a surety bond given by a party under this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges, and expenses expended or incurred therein.
Problems arose during construction, and Group III terminated Suncrete in March of 2013. On September 19, 2013, Group III filed a demand for arbitration against Suncrete, seeking to recover damages in the amount of $252,313.71 plus any other amounts to which it may be entitled from Suncrete's failure to complete work required by the Contract. Suncrete filed a counterclaim, alleging Group III owed it a balance under the Contract. Arbitration hearings were held in July of 2014. The arbitrator determined Suncrete was entitled to additional costs for certain services totaling $15,324.74, which were not included in Suncrete's counterclaim. The arbitrator determined Suncrete owed Group III a net amount of $81,138.03 after deducting the amount Group III owed Suncrete. Following the final hearing, the parties submitted affidavits regarding attorney's fees. On August 18, 2014, the arbitrator issued its determination, finding in favor of Group **148 III in the amount of $197,304.09, of which $116,165.86 was for attorney's fees.[1] The arbitrator did not award Suncrete damages for its counterclaim.
On September 8, 2014, Suncrete filed a motion with the arbitrator to modify the award to reduce or eliminate the attorney's fees portion of the award because the arbitrator failed to apply North Carolina law. The arbitrator denied the motion, finding "[t]he parties submitted to the [a]rbitrator the issue of determining the 'prevailing party' and the amount of reasonable attorney's fees that should be awarded to that party. That decision was carefully considered and made as set forth in the Award."
Group III filed a motion to confirm the arbitration award, but Suncrete filed a motion to vacate or modify the award; both motions were filed in the circuit court. Judge J. Ernest Kinard, Jr. heard the motions on February 6, 2015, and requested proposed orders. Judge Kinard issued an order dated April 23, 2015, granting Suncrete's motion to *785 vacate the attorney's fees because under North Carolina law Group III was not the prevailing party because it did not recover at least 50% of the amount of damages it sought. There was a delay in the filing of the order, and Judge Kinard passed away on May 19, 2015, the day after the order was filed.[2]
Group III filed a motion to alter or amend pursuant to Rule 59(e), SCRCP, and Judge Tanya A. Gee heard the motion as the successor judge. Judge Gee determined she did not need to reach Suncrete's argument about whether North Carolina law would bar the attorney's fees based on the standard of review provided by the FAA requiring manifest disregard by the arbitrator, which must be more than a showing the arbitrator misconstrued the law. Judge Gee granted the motion and amended Judge Kinard's order to deny Suncrete's motion to modify or vacate the arbitration award and confirmed the arbitration award in full. This appeal followed.
**149 LAW/ANALYSIS
I. Standard of Review of an Arbitration Award
"The [FAA] evidences the well-established federal policy favoring the arbitration of disputes." Trident Tech. Coll. v. Lucas & Stubbs, Ltd. , 286 S.C. 98, 103, 333 S.E.2d 781, 784 (1985) (citation omitted). "While this policy favoring the arbitration of disputes is also well established in South Carolina, both in its statutory and decisional law, this state law is supplanted by federal substantive law with respect to disputes to which the [FAA] is applicable." Id. at 103-04, 333 S.E.2d at 785 (footnote and citations omitted). The FAA "is intended to advance the 'federal policy in favor of arbitration of disputes.' " Id. at 104, 333 S.E.2d at 785 (quoting Bruno v. Pepperidge Farm, Inc. , 256 F.Supp. 865, 867 (E.D. Pa. 1966) ). "The fundamental premise upon which this policy is grounded is the laudable goal of providing 'a relatively quick and inexpensive resolution of contractual disputes by avoiding the expense and delay of extended court proceedings.' " Id. (quoting Diapulse Corp. of Am. v. Carba Ltd. , 626 F.2d 1108, 1110 (2d Cir. 1980) ). "The primary function of arbitration is to serve as a substitute for and not a prelude to litigation." Id. at 104-05, 333 S.E.2d at 785 (quoting Farris v. Alaska Airlines, Inc. , 113 F.Supp. 907, 908 (W.D. Wash. 1953) ).
"[T]he scope of judicial review for an arbitrator's decision 'is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all ....' " Three S Del., Inc. v. DataQuick Info. Sys., Inc. , 492 F.3d 520, 527 (4th Cir. 2007) (quoting Apex Plumbing Supply, Inc. v. U.S. Supply Co. , 142 F.3d 188, 193 (4th Cir. 1998) ). "The 'widely recognized' policy 'to encourage the use of arbitration' requires this limited scope of judicial review." UBS Fin. Servs., Inc. v. Padussis , 842 F.3d 336, 339 (4th Cir. 2016) (quoting Remmey v. PaineWebber, Inc. , 32 F.3d 143, 146 (4th Cir. 1994) ). "A policy favoring arbitration would mean little, of course, if arbitration were merely the prologue to prolonged litigation." Remmey , 32 F.3d at 146. "Indeed, '[b]road judicial review on the merits would render resort to arbitration wasteful and superfluous. ...' " Trident Tech. Coll. , 286 S.C. at 105, 333 S.E.2d at 785 (alterations by court) (quoting Farris , 113 F.Supp. at 908 ).
**150 "Generally speaking, '[a]n award within the scope of submission is conclusive on fact issues and interpretation of law.' " Id. at 111, 333 S.E.2d at 788 (alteration by court) (quoting Oinoussian Steamship Corp. v. Sabre Shipping Corp. , 224 F.Supp. 807, 809 (S.D.N.Y. 1963) ). "The award is presumptively correct, and '[i]t is the general rule that the courts will refuse to review the merits of an arbitration award.' " Id. at 111, 333 S.E.2d at 788-89 (alteration by court) (quoting Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co. , 261 F.Supp. 832, 835 (D.N.J. 1966), aff'd , 397 F.2d 594 (3d Cir. 1968) ). "[C]ourts defer to the arbitral panel both on the merits of the final decision and on procedural questions that 'grow out of the dispute,' even where those questions 'bear on its final disposition.' " UBS Fin. Servs., Inc. , 842 F.3d at 339 (quoting *786 Howsam v. Dean Witter Reynolds, Inc. , 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) ). "Otherwise, an arbitration award would signify 'the commencement , not the end, of litigation.' " Trident Tech. Coll. , 286 S.C. at 111, 333 S.E.2d at 789 (quoting Newark Stereotypers' Union No. 18 , 261 F.Supp. at 835 ). "Opening up arbitral awards to myriad legal challenges would eventually reduce arbitral proceedings to the status of preliminary hearings. Parties would cease to utilize a process that no longer had finality. To avoid this result, courts have resisted temptations to redo arbitral decisions." Remmey , 32 F.3d at 146. "[A]rbitrators do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party." Id. (quoting Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731 , 990 F.2d 957, 960 (7th Cir. 1993) ).
"This circumscribed scope of review means that 'in reviewing [an arbitration] award, a district or appellate court is limited to determine whether the arbitrators did the job they were told to do-not whether they did it well, or correctly, or reasonably, but simply whether they did it.' " UBS Fin. Servs., Inc. , 842 F.3d at 339 (quoting Three S Del., Inc. , 492 F.3d at 527 ). The Fourth Circuit "ha[s] emphasized that a district court may not overturn an arbitration award 'just because it believes, however strongly, that the arbitrators misinterpreted the applicable law.' " Jones v. Dancel , 792 F.3d 395, 401 (4th Cir. 2015) (quoting Wachovia Sec., LLC v. Brand , 671 F.3d 472, 478 n.5 (4th Cir. 2012) ). "Even a 'clearly **151 erroneous interpretation of the contract' cannot be disturbed." Gissel v. Hart , 382 S.C. 235, 241, 676 S.E.2d 320, 323 (2009) (quoting Trident Tech. Coll. , 286 S.C. at 108, 333 S.E.2d at 787 ).
"Moreover, the arbitrators need not specify their reasoning or the basis of the award, ... so long as the factual inferences and legal conclusions supporting the award are 'barely colorable.' " Trident Tech. Coll. , 286 S.C. at 111, 333 S.E.2d at 789 (quoting In re Andros Compania Maritima, S.A. , 579 F.2d 691, 704 (2d Cir. 1978) ). "If a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." Id. (quoting Kurt Orban Co. v. Angeles Metal Sys. , 573 F.2d 739, 740 (2d Cir. 1978) ). "The [FAA] essentially requires that this [c]ourt must 'uphold the award unless the challenging party demonstrates one of the infirmities listed in § 10 of the [FAA].' " Id. (quoting Maidman v. O'Brien , 473 F.Supp. 25, 28 (S.D.N.Y. 1979) ). Because "arbitrators need not give any rationale for an arbitration award, requiring their opinions to be 'free of ambiguity may lead arbitrators to play it safe by writing no supporting opinions.' " PPG Indus., Inc. v. Int'l Chem. Workers Union Council of United Food & Commercial Workers , 587 F.3d 648, 652 (4th Cir. 2009) (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp. , 363 U.S. 593, 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) ). "Therefore, 'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.' " Id. (quoting United Paperworkers Int'l Union v. Misco, Inc. , 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) ). "An arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract 'in terms that offer even a barely colorable justification for the outcome reached' in order to withstand judicial scrutiny." In re Marine Pollution Serv., Inc ., 857 F.2d 91, 94 (2d Cir. 1988) (quoting In re Andros Compania Maritima, S.A. , 579 F.2d at 704 ). "A federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law. On the contrary, the award 'should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification **152 for the outcome reached.' " Wallace v. Buttar , 378 F.3d 182, 190 (2d Cir. 2004) (emphasis added by court) (quoting Banco de Seguros del Estado v. Mut. Marine Office, Inc. , 344 F.3d 255, 260 (2d Cir. 2003) ).
"[A]n arbitration award fails to draw its essence from the agreement at issue 'when an arbitrator has disregarded or modified unambiguous contract provisions or based an award upon his own personal notions of right and wrong.' "
*787 Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC , 519 F.3d 200, 207 (4th Cir. 2008) (quoting Three S Del., Inc. , 492 F.3d at 528 ). "As the Seventh Circuit characterized the standard: 'The test is not error; it is ultra vires .' " Norfolk & W. Ry. Co. v. Transp. Commc'ns Int'l Union , 17 F.3d 696, 700 (4th Cir. 1994) (quoting Bhd. of Locomotive Eng'rs v. Atchison, Topeka & Santa Fe Ry. Co. , 768 F.2d 914, 922 (7th Cir. 1985) ).
"Consequently, a court 'may vacate or modify an arbitration award only if one of the grounds specified in 9 U.S.C. §§ 10 and 11 is found to exist.' " Trident Tech. Coll. , 286 S.C. at 105, 333 S.E.2d at 785 (quoting Diapulse Corp. of Am. , 626 F.2d at 1110 ). Section 10 of the FAA provides an arbitrator's award may be vacated when:
(1) ... the award was procured by corruption, fraud, or undue means;
(2) ... there was evident partiality or corruption in the arbitrators, or either of them;
(3) ... the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) ... the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
9 U.S.C. § 10(a) (2012) ; see also Gissel , 382 S.C. at 242, 676 S.E.2d at 324 (recognizing the same four grounds). Additionally, section 11 allows the award to be modified or corrected when:
**153 (a) ... there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
(b) ... the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
(c) ... the award is imperfect in matter of form not affecting the merits of the controversy.
9 U.S.C. § 11 (2012). "These grounds must be construed in light of the rule that the [c]ourt's function in vacating, or confirming, an arbitration award is severely limited." Trident Tech. Coll. , 286 S.C. at 106, 333 S.E.2d at 786.
II. Exceeding Authority
Suncrete maintains Judge Gee erred by granting the motion for reconsideration of Judge Kinard's order. It asserts the arbitrator's award exceeded the jurisdiction of the arbitrator because the arbitrator failed to apply the plain language of the agreement-to apply North Carolina law. We disagree.
"The question of whether the arbitrators exceeded their power relates to the arbitrability of the underlying dispute. An arbitrator exceeds his powers and authority when he attempts to resolve an issue that is not arbitrable because it is outside the scope of the arbitration agreement." Id. (citation omitted). "Conversely, if the issues presented to the arbitrators are within the scope of the arbitration agreement, subsection (d) does not require the court to 'review the merits of every construction of the contract.' " Id. (quoting United Steelworkers of Am. , 363 U.S. at 598-99, 80 S.Ct. 1358 ). "Factual and legal errors by arbitrators do not constitute an abuse of powers, and a court is not required to review the merits of a decision so long as the arbitrators do not exceed their powers." Gissel , 382 S.C. at 242, 676 S.E.2d at 324.
The Contract provided for attorney's fees. Accordingly, the decision to award attorney's fees was within the scope of the agreement between the parties. Therefore, the arbitrator did not exceed its powers in doing so. See Trident Tech. Coll. , 286 S.C. at 106, 333 S.E.2d at 786 ("An arbitrator exceeds his powers and authority when he attempts to resolve **154 an issue that is not arbitrable because it is outside the scope of the arbitration agreement.").
III. Manifest Disregard
Suncrete contends Judge Gee erred in confirming the award because the arbitrator manifestly disregarded the law in awarding *788 attorney's fees. It contends North Carolina law defines a prevailing party more strictly than South Carolina as a party who has obtained a judgment equal to at least 50% of his or her monetary claim and only a prevailing party can recover attorney's fees. Rather than decide if attorney's fees would be allowed under North Carolina law in the situation here, we instead look to whether the award of attorney's fees rises to the level of manifest disregard by the arbitrator. We find that it does not.
"Courts may vacate or modify an arbitration award only under the limited circumstances listed in the [FAA] or under the common law if the award 'fails to draw its essence from the contract' or 'evidences a manifest disregard of the law.' " UBS Fin. Servs., Inc. , 842 F.3d at 339 (citation omitted) (quoting Patten v. Signator Ins. Agency, Inc. , 441 F.3d 230, 234 (4th Cir. 2006) ). "[A]n arbitration award may be vacated when the arbitrator 'manifestly disregards' the law." Jones , 792 F.3d at 401.[3] "A court may vacate an arbitration **155 award under the manifest disregard standard only when a plaintiff has shown that: (1) the disputed legal principle is clearly defined and is not subject to reasonable debate; and (2) the arbitrator refused to apply that legal principle." Jones , 792 F.3d at 402 ; see also C-Sculptures, LLC v. Brown , 403 S.C. 53, 56, 742 S.E.2d 359, 360 (2013) ("[F]or a court to vacate an arbitration award based upon an arbitrator's 'manifest disregard for the law,' the 'governing law ignored by the arbitrator must be well defined, explicit, and clearly applicable.' " (quoting Gissel , 382 S.C. at 241, 676 S.E.2d at 323 ) ). Manifest disregard of the law "presupposes something beyond a mere error in construing or applying the law." Trident Tech. Coll. , 286 S.C. at 108, 333 S.E.2d at 787. "[T]he manifest disregard standard is not an 'invitation to review the merits of the underlying arbitration.' " Jones , 792 F.3d at 402 (quoting Wachovia Sec., LLC , 671 F.3d at 483 ). Manifest disregard requires more than "establish[ing] that the arbitrator 'misconstrued' or 'misinterpreted the applicable law.' " Id. (quoting Wachovia Sec., LLC , 671 F.3d at 478 n.5, 481 ). "[A] manifest disregard of the law is established only where the 'arbitrator[ ] understand[s] and correctly state[s] the law, but proceed[s] to disregard the same.' " Patten , 441 F.3d at 235 (all alterations except first by court) (quoting Upshur Coals Corp. v. United Mine Workers, Dist. 31 , 933 F.2d 225, 229 (4th Cir. 1991) ).
In evaluating whether an arbitrator has manifestly disregarded the law, we have heretofore concluded that "a court's belief that an arbitrator misapplied the law will not justify vacation of an arbitral award. Rather, appellant is required to show that the arbitrators were aware of the law, understood it correctly, found it applicable to the case before them, and yet chose to ignore it in propounding their decision."
**156 Three S Del., Inc. , 492 F.3d at 529 (quoting Remmey , 32 F.3d at 149 ).
A party challenging an arbitration award solely on the arbitrator's interpretation of applicable law does not meet the *789 burden of demonstrating the arbitrator manifestly disregarded the law. Jones , 792 F.3d at 403. Further, if the arbitrator's interpretation did not fall "beyond the scope of reasonable debate," the burden is not met. Id. When binding precedent requiring a contrary result is absent, an arbitrator's decision does "not constitute a refusal to heed a clearly defined legal principle." Id. Even though "another arbitrator might have reached a different conclusion," a reviewing court cannot "pass judgment on the strength of the arbitrator's chosen rationale." Id. at 403-04.
In Trident Technical College , the appellant asserted "courts have not hesitated in appropriate cases to vacate an arbitration award" when a manifest disregard or perverse misconstruction of the law has occurred. 286 S.C. at 108, 333 S.E.2d at 787. Our supreme court found, "While this is certainly true, those cases have been exceedingly rare, requiring circumstances far more egregious than mere errors in interpreting or applying the law." Id. The supreme court noted all of the cases relied upon by the appellant "contain the explicit caveat that 'the nonstatutory ground of "manifest disregard" of the law as a basis for vacating arbitration awards ... presuppose[s] something beyond and different from a mere error of law or failure on the part of the arbitrators to understand or apply the law.' " Id. at 108-09, 333 S.E.2d at 787 (alterations by court) (quoting Drayer v. Krasner , 572 F.2d 348, 352 (2d Cir. 1978) ).
Suncrete maintains section 44A-35 of the North Carolina Code completely bars the recovery of attorney's fees in this case because Group III did not recover at least 50% of the amount of damages it sought. Section 44A-35 provides:
In any suit brought or defended under the provisions of Article 2 or Article 3 of this Chapter ,[4 ] the presiding judge may allow a reasonable attorney['s] fee to the attorney representing the prevailing party. ... For purposes of this **157 section, "prevailing party " is a party plaintiff or third[-]party plaintiff who obtains a judgment of at least fifty percent (50%) of the monetary amount sought in a claim or is a party defendant or third[-]party defendant against whom a claim is asserted which results in a judgment of less than fifty percent (50%) of the amount sought in the claim defended .
N.C. Gen. Stat. Ann. § 44A-35 (2017) (emphases added).
Suncrete asserts North Carolina courts have applied section 44A-35 to cases other than for surety claims. See Terry's Floor Fashions, Inc. v. Crown Gen. Contractors, Inc. , 184 N.C.App. 1, 645 S.E.2d 810 (2007) (regarding enforcement of a subcontractor's subrogation lien on real property); Barrett Kays & Assocs., P.A. v. Colonial Bldg. Co. , 129 N.C.App. 525, 500 S.E.2d 108 (1998) (involving a lawsuit to perfect and enforce a lien); Mainline Supply Co. v. Hillcrest Constr., Inc. , 218 N.C.App. 455, 721 S.E.2d 765 (Table) (N.C. Ct. App. 2012) (unpublished) (concerning a plaintiff's assertion of a mechanic's lien); Brooks Millwork Co. v. Levine , 204 N.C.App. 595, 696 S.E.2d 924 (Table) (N.C. Ct. App. 2010) (unpublished) (pertaining to a lawsuit requesting enforcement of its lien). However, Group III posits this section only applies to claims under Article 2 and 3, which relate to mechanic liens and state bonds for building projects, respectively. It asserts this case involves neither of those situations. It also contends all of the cases Suncrete cites are lien cases and thus do not apply to the present circumstances.
Group III also points to the North Carolina statute regarding the award of attorney's fees in arbitration, which indicates: "An arbitrator may award reasonable expenses of arbitration if an award of expenses is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding." N.C. Gen. Stat. Ann. § 1-569.21(b) (2017). That statute also provides: "An arbitrator may award reasonable attorney['s] fees if[ ] (1) [t]he arbitration agreement provides for an award of attorney['s] fees[ ] and (2) [a]n award of attorney['s] fees is authorized by law in a civil action involving the same claim." Id. The *790 comment to subsection 1-569.21(b) states, "Although [s]ection 21(b) ... allow[s] recovery when such an award has a basis in law, [it] has no requirement that the arbitrator apply the appropriate legal **158 standard or have sufficient evidence to support a claim of attorney's fees under the applicable statute." N.C. Gen. Stat. Ann. § 1-569.21 cmt. 2.[5] That comment also notes: "Section 21(b) authorizes arbitrators to award reasonable attorney's fees and other reasonable expenses of arbitration where such would be allowed by law in a civil action; in addition, parties may provide for the remedy of attorney's fees and other expenses in their agreement even if not otherwise authorized by law." Id. Additionally, Group III asserts the attorney's fees award was not only for the money it recovered for its cause of action but also for its successful defense against Suncrete's counterclaim for damages. It contends the total amount in controversy was $398,058.50-$308,386.52 for its claim and $84,671.98 for Suncrete's counterclaims. Thus, it asserts the attorney's fees awarded were less than the amount in controversy as required by section 6-21.6(f) of the North Carolina General Statute (2017).
The Contract provided that if a party utilized "an attorney to institute suit or demand arbitration to enforce any of the provision hereof ... [or] to collect damages for the breach of the Agreement, ... the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges, and expenses expended or incurred therein." Therefore, the Contract allowed the recovery of attorney's fees and it was within the arbitrator's authority to award them. See Eljer Mfg., Inc. v. Kowin Dev. Corp. , 14 F.3d 1250, 1257 (7th Cir. 1994) (finding an argument by a party seeking to vacate an arbitration award-that the arbitrator could not have awarded fees pursuant to state law because those claims were time barred-was an attempt to have the court review the arbitrator's decision for errors in law and noting for factual and legal questions falling within the arbitrator's authority, the court defers to the arbitrator's decision).
Judge Gee did not err in granting Group III's motion for reconsideration and reinstating the arbitrator's award of attorney's fees. The federal courts have vacated arbitration awards when the arbitrator demonstrates a manifest disregard of the law. Therefore, we need only determine whether **159 the arbitrator manifestly disregarded the law in light of section 44A-35, which provides a prevailing party can be awarded an attorney's fee and defining a prevailing party as a plaintiff who recovers 50% or more of monetary damages sought or a defendant who is found liable for less than 50% of the damages sought. Because section 44A-35 begins with the statement "[i]n any suit brought or defended under the provisions of Article 2 or Article 3 of this Chapter," which apply to liens and state bonds, Group III's argument this section would not apply to the case here is reasonable. See § 44A-35. Thus, the legal principle Suncrete contends the arbitrator failed to apply is not clearly defined and is subject to reasonable debate. See Jones , 792 F.3d at 402 (holding manifest disregard of the law only occurs if "a plaintiff has shown ... the disputed legal principle is clearly defined and is not subject to reasonable debate"); C-Sculptures, LLC , 403 S.C. at 56, 742 S.E.2d at 360 ("[F]or a court to vacate an arbitration award based upon an arbitrator's 'manifest disregard for the law,' the 'governing law ignored by the arbitrator must be well defined, explicit, and clearly applicable.' " (quoting Gissel , 382 S.C. at 241, 676 S.E.2d at 323 ) ); Weimer v. Jones , 364 S.C. 78, 81, 610 S.E.2d 850, 852 (Ct. App. 2005) ("The parties' vigorous debate regarding [the issue] demonstrates the arbitrator did not disregard well-defined, explicit, and clearly applicable law in rendering his decision. [The appellant] simply fails to show the arbitrator knew the applicable law and chose to disregard it."). Accordingly, the arbitrator did not manifestly disregard the law by not applying section 44A-35 to bar the award of attorney's fees.
If the arbitrator erred by not applying North Carolina law or applying North Carolina law incorrectly, such error does not rise to the level of manifest disregard of the law.
*791 See Trident Tech. Coll. , 286 S.C. at 108, 333 S.E.2d at 787 (holding manifest disregard of law "presupposes something beyond a mere error in construing or applying the law"); see also Jones , 792 F.3d at 402 (holding that establishing "the arbitrator 'misconstrued' or 'misinterpreted the applicable law' " is not sufficient to demonstrate manifest disregard (quoting Wachovia Sec., LLC , 671 F.3d at 478 n.5, 481 ) ). Like in Trident Techical College , "Even assuming arguendo that the arbitrators did erroneously apply the law in the various particulars **160 alleged by appellant, these legal errors would be insufficient to constitute manifest disregard of the law under the pertinent cases." 286 S.C. at 109, 333 S.E.2d at 787. If the arbitrator here erred in awarding attorney's fees, any error would not rise to the level of manifest disregard of the law. Accordingly, we affirm Judge Gee's order.
IV. Reduction in Attorney's Fees
Suncrete also contends North Carolina law does not allow a party to recover attorney's fees exceeding the monetary damages award. It argues that because the award of attorney's fees was more than the damages recovered, the award violates section 6-21.6(b). However, at oral arguments, Suncrete stated it was no longer arguing this statute on appeal because it was instead relying on its argument the attorney's fees should not have been awarded at all because Group III was not a prevailing party.
At the time of arbitration, section 6-21.6(b) provided in part, "In any suit, action, proceeding, or arbitration primarily for the recovery of monetary damages, the award of reasonable attorney['s] fees may not exceed the monetary damages awarded." N.C. Gen. Stat. Ann. § 6-21.6(b) (amended by 2015 N.C. Sess. Laws 264, § 32.5, in part to remove last sentence).[6] Group III claims subsection (f) of this section conflicts with subsection (b). Subsection (f) provides: "In any suit, action, proceeding, or arbitration primarily for the recovery of monetary damages, the award of reasonable attorney['s] fees may not exceed the amount in controversy." § 6-21.6(f). Group III notes the North Carolina legislature has since removed the language from subsection (b) that Suncrete points to here.
Because Suncrete abandoned at oral arguments its contention that subsection 6-21.6(b) limits the amount of attorney's **161 fees to the amount recovered in damages, we do not address whether the arbitrator's decision to award attorney's fees more than the amount of damages in light of this statute rises to the level of manifest disregard. See State v. Oglesby , 384 S.C. 289, 294 n.1, 681 S.E.2d 620, 623 n.1 (Ct. App. 2009) (noting it was not addressing issues raised by the appellant in his brief that he abandoned at oral arguments).
CONCLUSION
Judge Gee's granting Group III's motion to reconsider and reinstating the arbitration award is
AFFIRMED.
LOCKEMY, C.J., and WILLIAMS, J., concur.

The arbitration award stated Group III asserted a claim of $308,386.52 and Suncrete asserted a counterclaim of $84,671.98.

The copy of the order in the Record is stamped May 18, 2015. The subsequent order determining the motion to alter or amend notes the order has a second filing date stamp of May 26, 2015.

In Wachovia Securities, LLC , 671 F.3d at 481, the Fourth Circuit recognized the Supreme Court's opinion in Hall Street Associates, L.L.C. v. Mattel, Inc. , 552 U.S. 576, 585, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), "has been widely viewed as injecting uncertainty into the status of manifest disregard as a basis for" setting aside an arbitration award. However, the Fourth Circuit looked to a more recent Supreme Court case, which held:
We do not decide whether " 'manifest disregard' " survives our decision in Hall Street Associates, L.L.C. , 552 U.S. at 585 [128 S.Ct. 1396], as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10. AnimalFeeds characterizes that standard as requiring a showing that the arbitrators "knew of the relevant [legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it." Assuming, arguendo, that such a standard applies, we find it satisfied ....
Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp. , 559 U.S. 662, 672 n.3, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) (first alteration by court) (citation omitted).
The Fourth Circuit "read this footnote to mean that manifest disregard continues to exist either 'as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10.' " Wachovia Sec., LLC , 671 F.3d at 483 (quoting Stolt-Nielsen S.A. , 559 U.S. at 672 n.3, 130 S.Ct. 1758 ). The court "decline[d] to adopt the position of the Fifth and Eleventh Circuits that manifest disregard no longer exists." Id.

These articles are titled "Statutory Liens on Real Property" and "Model Payment and Performance Bond," respectively.

This section has two comment "2"s. This statement is found in the first.

That subsection begins: "Reciprocal attorney['s] fees provisions in business contracts are valid and enforceable for the recovery of reasonable attorney['s] fees and expenses only if all of the parties to the business contract sign by hand the business contract." N.C. Gen. Stat. Ann. § 6-21.6(b) (2017). Another subsection of the same statute defines a business contract as "[a] contract entered into primarily for business or commercial purposes. The term does not include a consumer contract, an employment contract, or a contract to which a government or a governmental agency of this [s]tate is a party." N.C. Gen. Stat. Ann. § 6-21.6(a)(1) (2017).