**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Flatiron-Zachry, a Joint Venture, Appellant,

v.

Civil Engineering Consulting Services, Inc. d/b/a Civil Engineering Consultant Services, Inc.; ECS Southeast, LLP f/k/a ECS Carolinas, LLP; Mead and Hunt, Inc.; Stantec Consulting Services, Inc.; and T.Y. Lin International, Defendants,

Of which Stantec Consulting Services, Inc. is the Respondent.

Appellate Case No. 2023-001178

_____

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

_____

Unpublished Opinion No. 2026-UP-116
Heard November 4, 2025 – Filed March 11, 2026

_____

**AFFIRMED**

_____

C. Mitchell Brown and Blake Terence Williams, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia; and Matthew Elliott Cox, of Morgan Corp., of Charlotte, North Carolina, all for Appellant.

Brannon Jones Arnold, of Weinberg Wheeler Hudgins Gunn & Dial, LLC, and Ross D. Ginsberg, both of Atlanta, Georgia; and William Christopher Hoffman, Jr., of Hoffman Law Offices, LLC, of Birmingham, Alabama, all for Respondent.

---

**PER CURIAM:** Flatiron-Zachry, a Joint Venture (Flatiron) appeals orders from the circuit court denying its motion to vacate judgment and its amended motion to reconsider pursuant to Rule 59(e), South Carolina Rules of Civil Procedure. On appeal, Flatiron argues the circuit court erred by refusing to vacate an arbitration award granting summary judgment in favor of Respondent Stantec Consulting Services, Inc. (Stantec). We affirm.

**ISSUE ON APPEAL**

Did the circuit court err by refusing to vacate the arbitration panel's award granting summary judgment in favor of Stantec?

**STANDARD OF REVIEW**

South Carolina arbitration law "is supplanted by federal substantive law with respect to disputes to which the [Federal Arbitration Act (FAA)] is applicable."[1] *Grp. III Mgmt., Inc. v. Suncrete of Carolina, Inc.*, 425 S.C. 141, 149, 819 S.E.2d 781, 785 (Ct. App. 2018) (quoting *Trident Tech. Coll. v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 103–04, 333 S.E.2d 781, 785 (1985)).

"Generally speaking, [a]n award within the scope of submission is conclusive on fact issues and interpretation of law." *Id.* at 150, 819 S.E.2d at 785 (alteration in original) (quoting *Trident Tech. Coll.*, 286 S.C. at 111, 333 S.E.2d at 788). "[C]ourts defer to the arbitral panel both on the merits of the final decision and on procedural questions that grow out of the dispute, even where those questions bear on its final disposition." *Id.* (quoting *UBS Fin. Servs., Inc. v. Padussis*, 842 F.3d 336, 339 (4th Cir. 2016)). "If a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." *Id.* at 151, 819 S.E.2d

---

[1] The parties assented in their agreement to arbitrate that the FAA would apply as well as the American Arbitration Association Construction Industry Arbitration Rules and Mediation Procedures for Large, Complex Construction Disputes (the Construction Arbitration Rules).

at 786 (quoting *Trident Tech. Coll.*, 286 S.C. at 111, 333 S.E.2d at 789). An arbitral award "should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached." *Id.* at 151–52, 819 S.E.2d at 786 (quoting *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004)).

"[A] court may vacate or modify an arbitration award only if one of the grounds specified in 9 U.S.C. §§ 10 and 11 is found to exist." *Id.* at 152, 819 S.E.2d at 786 (quoting *Trident Tech. Coll.*, 286 S.C. at 105, 333 S.E.2d at 785). Section 10 of the FAA provides an award may be vacated in various circumstances including when "the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy" or when "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.* at 152, 819 S.E.2d at 787; *see also* 9 U.S.C. § 10(a)(3), (4). "These grounds must be construed in light of the rule that the [c]ourt's function in vacating, or confirming, an arbitration award is severely limited." *Id.* at 153, 819 S.E.2d at 787 (alteration in original) (quoting *Trident Tech. Coll.*, 286 S.C. at 106, 333 S.E.2d at 786). Additionally, "[c]ourts may vacate or modify an arbitration award . . . if the award evidences a manifest disregard of the law." *Id.* at 154, 819 S.E.2d at 788 (quoting *UBS Fin. Servs., Inc.*, 842 F.3d at 339).

## LAW/ANALYSIS

## I.    Refusal to Hear Evidence

Flatiron argues the circuit court erred in refusing to vacate the panel's arbitration award because the panel refused to hear evidence material to the controversy by granting summary judgment before discovery was complete. We disagree.

Section 10 of the FAA provides an award may be vacated when "the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." *See Grp. III Mgmt., Inc.*, 425 S.C. at 152, 819 S.E.2d at 787; *see also* 9 U.S.C. § 10(a)(3). "Refusal to receive evidence can only furnish a basis for vacating an arbitration award when it rises to the level of 'misconduct' or 'misbehavior . . . .'" *Trident Tech. Coll.*, 286 S.C. at 109, 333 S.E.2d at 788. "[A] court will not set aside an arbitration award because the arbitrator refused to hear evidence that was immaterial, cumulative, or irrelevant." *Int'l Union, United Mine Workers of Am. v. Marrowbone Dev. Co.*, 232 F.3d 383, 389 (4th Cir. 2000) (citations omitted). "Nonetheless, '[v]acatur is appropriate . . . when the exclusion

of relevant evidence so affects the rights of a party that it may be said that he was deprived of a fair hearing.'"  *Id.* (alterations in original) (quoting *Hoteles Condado Beach v. Union De Tronquistas*, 763 F.2d 34, 40 (1st Cir. 1985)).

We find the panel did not refuse to hear evidence.  The panel stated in its November 5, 2021 order granting summary judgment in favor of Stantec on several claims (the November Order) that it read and considered the briefs and supporting documentation from both parties.  Further, although Flatiron identifies several depositions it desired to complete prior to the panel's ruling on summary judgment, we find the "evidence" it argues it would have presented from those depositions is speculative and does not constitute evidence that the panel in turn refused to hear. Flatiron's argument in sum is not that the panel refused to hear evidence but that the panel refused to allow Flatiron to complete discovery.  We find this distinguishable from both *International Union* and 9 U.S.C. § 10(a)(3).  *See Grp. III Mgmt., Inc.*, 425 S.C. at 152, 819 S.E.2d at 787 (detailing that section 10(a)(3) of the FAA provides an award may be vacated when "the arbitrators were guilty of misconduct . . . in *refusing to hear evidence* pertinent and material to the controversy" (emphasis added)); *Int'l Union*, 232 F.3d at 388–90 (affirming federal district court's grant of appellant's motion to vacate arbitration award and finding appellant was denied a full and fair hearing in part because the arbitrator issued his award without "affording the [appellant] the opportunity to present *the evidence it had been prepared to offer*" at a prior hearing (emphasis added)).

We further find Stantec's motion for summary judgment was not premature under the parties' agreement to arbitrate.  The agreement to arbitrate required all issues and claims to be asserted "at least one hundred eighty (180) days prior" to the final arbitration hearing, but it did not prohibit summary judgment or dispositive motions prior to this 180-day mark.  Additionally, the Construction Arbitration Rules do not prohibit summary judgment or dispositive motions.

Likewise, we find Stantec's motion was not premature pursuant to the Amended Scheduling Order issued by the panel on May 17, 2021.  While the Amended Scheduling Order required initial expert reports to be filed by November 13, 2020, the order did not require supplemental reports and only provided opposing parties with the opportunity to respond to a supplemental report "in the event" one was filed.  We find no merit in Flatiron's contention that because the Amended Scheduling Order "envisioned supplemental expert reports," Stantec's motion for summary judgment was premature because the time for filing expert reports and opinions had not run.

Finally, Flatiron contends that the panel's denial of summary judgment in an order issued by the panel on January 13, 2022 (the January Order), based on genuine issues of material fact demonstrated summary judgment was premature in the November Order.  However, the January Order denied summary judgment on a separate claim from those on which the November Order granted summary judgment; therefore, we find the panel's findings in the January Order are irrelevant to the claims decided by the November Order.

## II.     Exceeding Power

Flatiron argues the arbitration panel exceeded its power by disregarding the parties' agreement to conduct discovery.  We disagree.

"An arbitrator exceeds his powers and authority when he attempts to resolve an issue that is not arbitrable because it is outside the scope of the arbitration agreement."  *Trident Tech. Coll.*, 286 S.C. at 106, 333 S.E.2d at 786.  "Factual and legal errors by arbitrators do not constitute an abuse of powers, and a court is not required to review the merits of a decision so long as the arbitrators do not exceed their powers."  *Grp. III Mgmt., Inc.*, 425 S.C. at 153, 819 S.E.2d at 787 (quoting *Gissel v. Hart*, 382 S.C. 235, 242, 676 S.E.2d 320, 324 (2009)).

First, the parties' agreement to arbitrate did not require discovery to be completed before dispositive motions could be filed.  Further, although the agreement stated that "discovery will be conducted," we do not find this language required discovery to be completed before a motion for summary judgment could be filed.  Further, the agreement did not place time constraints around discovery.  Therefore, we find the panel did not disregard the parties' agreement to arbitrate.

Next, we hold the fact that discovery was not complete at the time the panel granted summary judgment does not affect the panel's award.  Both South Carolina and federal law indicate granting summary judgment prior to the close of discovery is permissible.  *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) (affirming grant of summary judgment prior to the close of discovery and stating "the nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a fishing expedition'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))); *Sheet Metal Workers Int'l Ass'n, Loc. Union No. 33 of N. Ohio No. 70 v. Power City Plumbing & Heating, Inc.*, 934 F.2d 557, 560–61 (4th Cir. 1991) (affirming grant of summary judgment against appellant's argument that it did not have the chance to complete adequate discovery and noting that

appellant was not precluded from conducting discovery during the motion's pendency so any failure to complete discovery was not attributable to the district court). Further, we find Flatiron's list of several depositions it sought to complete along with its general assertion of what evidence that discovery would bring forth constitutes a vague assertion of evidence Flatiron hoped to glean as opposed to relevant evidence likely to be revealed through additional discovery. *See Dawkins*, 354 S.C. at 69, 580 S.E.2d at 439 ("[T]he nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party 'is not merely engaged in a fishing expedition.'" (quoting *Baughman*, 306 S.C. at 112, 410 S.E.2d at 544)). Additionally, we did not find evidence in the record indicating Flatiron presented more specific arguments regarding discovery and evidence to the panel or circuit court.

Finally, we find the fact that Stantec failed to file an application with the arbitration panel to submit its motion for summary judgment does not indicate the panel exceeded its power in granting the motion. Pursuant to the Construction Arbitration Rules, an arbitration panel may permit dispositive motions "[u]pon prior written application." *See* American Arbitration Association, *Construction Industry Arbitration Rules and Mediation Procedures*, R-34 (Eff. Mar. 1, 2024). There is no evidence in the record that Flatiron objected to Stantec's failure to file an application for its motion. Therefore, we hold Flatiron waived any possible objection to this issue. *See id.* at R-42 ("Any party who proceeds with the arbitration after knowledge that any provision or requirement of the[] Rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.").

## III.   Manifest Disregard for the Law

Flatiron argues the arbitration panel manifestly disregarded the law. It construes the differences between the November Order and the subsequent amended order as a direct conflict that indicates the panel "implicitly conceded" there were disputed issues of material fact that made summary judgment improper on one of the claims. We disagree.

"[A]n arbitration award may be vacated when the arbitrator 'manifestly disregards' the law." *Grp. III Mgmt., Inc.*, 425 S.C. at 154, 819 S.E.2d at 788 (alteration in original) (quoting *Jones v. Dancel*, 792 F.3d 395, 401 (4th Cir. 2015)). "A court may vacate an arbitration award under the manifest disregard standard only when a plaintiff has shown that: (1) the disputed legal principle is clearly defined and is not subject to reasonable debate; and (2) the arbitrator refused to apply that legal

principle." *Id.* at 154–55, 819 S.E.2d at 788 (quoting *Jones*, 792 F.3d at 402). "Manifest disregard requires more than 'establish[ing] that the arbitrator misconstrued or misinterpreted the applicable law.'" *Id.* at 155, 819 S.E.2d at 788 (alteration in original) (quoting *Jones*, 792 F.3d at 402)). "[A] manifest disregard of the law is established only where the 'arbitrator[] understand[s] and correctly state[s] the law, but proceed[s] to disregard the same.'" *Id.* (alterations in original) (quoting *Patten v. Signator Ins. Agency*, 441 F.3d 230, 235 (4th Cir. 2006)).

We hold the panel did not manifestly disregard the law in its grant of summary judgment. The panel referred to the summary judgment standard of review at least five times in the November Order, evidencing it was aware of and applied the clearly defined standard. *See Dawkins*, 354 S.C. at 69, 580 S.E.2d at 439 ("[S]ummary judgment is proper when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" (quoting *Baughman*, 306 S.C. at 114–15, 410 S.E.2d at 545)); *Grp. III Mgmt., Inc.*, 425 S.C. at 154, 819 S.E.2d at 788 ("A court may vacate an arbitration award under the manifest disregard standard only when a plaintiff has shown that: (1) the disputed legal principle is clearly defined and is not subject to reasonable debate; and (2) the arbitrator refused to apply that legal principle." (quoting *Jones*, 792 F.3d at 402)). Further, although the panel amended its November Order, we find the amended order did not substantively change its original order granting summary judgment. In its amended order, the panel denied Flatiron's motion to reconsider, meaning summary judgment was still granted on item (4) (the MSE wall claims). Additionally, although the panel removed item (4) from the list of claims for which it had originally stated Stantec did not provide pre-award services, the panel had stated in the November Order that Stantec had "performed some pre-award services related to the MSE walls." We find this further indicates the panel's amendment did not substantively change the November Order but likely corrected a typographical error. Flatiron has not demonstrated the panel disregarded the summary judgment standard. *See Grp. III Mgmt., Inc.*, 425 S.C. at 155, 819 S.E.2d at 788 ("[A] manifest disregard of the law is established only where the 'arbitrator[] understand[s] and correctly state[s] the law, but proceed[s] to disregard the same.'" (quoting *Patten*, 441 F.3d at 235)).

Finally, Flatiron argues that the panel's denial of summary judgment in the January Order based on the existence of genuine issues of material fact demonstrated the panel disregarded the law in its November Order. In regard to item (4) (the MSE wall claims), the panel stated in the November Order that "it [was] undisputed by the evidence provided that Stantec was not retained by CECS to provide input on the strap lengths needed for the MSE walls." In the January Order, the panel

stated, "Stantec argues that its motion should be granted because it performed work that CECS requested and nothing more. This does not address the factual issues of whether that work was performed or whether that work was performed with the proper standard of care." We acknowledge Flatiron's argument, but we note that the above quoted language in the January Order addressed a separate claim from those on which the November Order granted summary judgment. Further, the record does not include the motion for summary judgment that was the subject of the January Order or Flatiron's opposition; therefore, we are unable to fully evaluate Flatiron's claim of inconsistency between the two orders. We find Flatiron's arguments pertaining to the January Order award are therefore irrelevant.

Based on the foregoing, the orders of the circuit court are

**AFFIRMED.**[2]

---

[2] Stantec also argues Flatiron's appeal to this court was untimely. We find Flatiron's appeal was timely. Although Flatiron filed its second motion to clarify or reconsider with the arbitration panel outside the time frame to file such motions as dictated by the Construction Arbitration Rules, Stantec did not object on this ground in its motion in opposition, and we find it has waived this argument. *See* American Arbitration Association, R-52(a) ("Within 20 calendar days after the transmittal of an award . . . any party . . . may request that the arbitrator, through the AAA, clarify the award or correct any clerical, typographical, technical, or computational errors in the award. . . . the arbitrator is not empowered to redetermine the merits of any claim already decided."); *id.* at R-42 ("Any party who proceeds with the arbitration after knowledge that any provision or requirement of the[] Rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object."). To the extent Stantec asserts Flatiron's second motion to clarify or reconsider filed with the arbitration panel was successive, we note that in Flatiron's second motion to clarify or reconsider, it raised new arguments relating to the panel's January Order. Flatiron stated it "specifically request[ed] the Panel to clarify, or in the alternative, reconsider its November Order, *particularly in light of its January Order*." (emphasis added). As such, we find this does not constitute a successive motion, and we underscore the arbitration panel's discretion on procedural matters. *See Grp. III Mgmt., Inc.*, 425 S.C. at 150, 819 S.E.2d at 785 ("[C]ourts defer to the arbitral panel both on the merits of the final decision and on procedural questions that grow out of the dispute, even where those questions bear on its final disposition." *Id.* (quoting *UBS Fin. Servs., Inc.*, 842 F.3d at 339)).

**WILLIAMS, C.J., and THOMAS and KONDUROS, JJ., concur.**