**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Raghu Athimoolam and Irene Athimoolam, Respondents,

v.

Meritage Homes of South Carolina, Inc., Appellant.

Appellate Case No. 2024-001996

———————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-150
Heard March 10, 2026 – Filed April 1, 2026
Withdrawn, Substituted, and Refiled April 29, 2026

———————

**AFFIRMED**

———————

David S. Cobb, of Turner Padget Graham & Laney, PA, of Charleston, for Appellant.

Robert T. Lyles Jr. and Joseph D. Winterstein, both of Lyles & Associates, LLC, of Sullivan's Island, for Respondents.

———————

**PER CURIAM:** Meritage Homes of South Carolina, Inc. (Appellant) appeals the order of the circuit court denying its motion to vacate the arbitrator's January 23, 2024 arbitration award. Appellant argues the arbitrator exceeded her power and

manifestly disregarded the law by modifying the earlier award dated October 4, 2023.  We affirm.

## FACTS

On October 4, 2023, following arbitration, the arbitrator sent an order via email to the parties.  In the email, the arbitrator wrote, "I have tried to be meticulous in recalling the testimony and evidence without the assistance of an official transcript.  However, if you believe I have misstated facts, please advise."  The arbitrator also offered to file the order if the parties requested that she do so.  The attached order (the October 4 Award) thoroughly discussed the merits of the claims, ended with the phrase, "AND IT IS SO ORDERED," and bore the signature of the arbitrator.  The order awarded Respondents $51,413.88.

That same day, the arbitrator filed a proof of ADR form with the circuit court indicating that "[the o]rder following arbitration [would] be issued on or before October 4," but the arbitrator never filed the October 4 Award with the circuit court.[1] On October 16, Respondents Raghu and Irene Athimoolam filed a motion with the arbitrator styled as a motion for reconsideration that asserted numerous errors. Appellant opposed the motion.  The arbitrator held a telephone conference with the parties on November 17, 2023, and took additional evidence from the parties. Among other things, Respondents shared with the arbitrator that Appellant had, in its third-party claims, settled with its subcontractors for $350,000.  Appellant took issue with this disclosure because it asserted that Respondents learned the settlement figure during mediation and, therefore, could not disclose it to the arbitrator without breaching confidentiality under Rule 8(a), SCADR (forbidding a party from relying on or introducing as evidence information disclosed during a mediation in any arbitral proceeding).

On January 23, 2024, the arbitrator issued a new order (the January 23 Award) stating that the October 4 Award was never "entered," that she had the power to correct factual and legal errors pursuant to *Pittman Mortgage Co., Inc. v. Edwards*, 327 S.C. 72, 76, 488 S.E.2d 335, 337–38 (1997), and that she was increasing the award to Respondents to $320,917.63.  The arbitrator also stated she was not aware

---

[1] *See generally Main Corp. v. Black*, 357 S.C. 179, 181, 592 S.E.2d 300, 302 (2004) ("Under the [South Carolina] Uniform Arbitration Act, a party may move the circuit court to confirm an award, vacate an award, or modify or correct an award." (footnotes omitted)).

of and did not consider the $350,000 settlement figure in calculating the January 23 Award.

Appellant immediately asked the circuit court to vacate the January 23 Award and reinstate the October 4 Award, arguing that the arbitrator exceeded her power and manifestly disregarded the law by "modifying" the October 4 Award.

In its initial order, the circuit court implied that none of the statutory grounds for modifying an arbitration award[2] were present to support the arbitrator's issuance of the January 23 Award, but it likewise found none of the statutory grounds enabling a circuit court to vacate an arbitration award[3] were present. In its subsequent Form 4 Order denying Appellant's motion to reconsider, the circuit court further explained the October 4 Award was not a final order, and the arbitrator did not err in issuing a draft order prior to a final one. The circuit court also declined to sanction Respondents for improperly disclosing the amount for which Appellant settled with its subcontractors because it concluded the information did not influence the arbitrator in any way.

## ISSUES ON APPEAL

Appellant raises two issues on appeal: (1) the circuit court erred by refusing to vacate the January 23 Award and (2) the circuit court erred by refusing to sanction Respondents for improperly disclosing the settlement figure to the arbitrator.

## LAW AND ANALYSIS

As to Appellant's first issue, we hold the circuit court did not err by refusing to vacate the January 23 Award. Regardless of whether the October 4 Award was

---

[2] S.C. Code Ann. § 15-48-100 (2005) (delineating three grounds upon which an arbitrator may modify an award: (1) to correct an evident miscalculation or description error, (2) to correct an issue of imperfect form that does not affect the merits, and (3) to clarify the award (citing S.C. Code Ann. § 15-48-140 (2005)).

[3] S.C. Code Ann. § 15-48-130(a) (2005) (listing five grounds for which a court must vacate an arbitration award); *see also* 9 U.S.C. § 10(a) (listing four grounds for which a court may vacate an arbitration award).

final[4]—and, indeed, regardless of whether the arbitrator erred by "modifying" the October 4 Award—the arbitrator neither exceeded her power nor manifestly disregarded the law as Appellant asserts. *See* § 15-48-130(a)(3) (providing that a court shall vacate an arbitration award when the arbitrator exceeded his power); 9 U.S.C. § 10(a)(4) (providing that a court may vacate an arbitration award when the arbitrator exceeded his powers); *see also Weimer v. Jones*, 364 S.C. 78, 80, 610 S.E.2d 850, 852 (Ct. App. 2005) (recognizing that absent a statutory ground, "an arbitration award will be vacated only on the non-statutory ground of 'manifest disregard or perverse misconstruction of the law'" (quoting *Lauro v. Visnapuu*, 351 S.C. 507, 516, 570 S.E.2d 551, 556 (Ct. App. 2002))). "An arbitrator exceeds his powers and authority when he attempts to resolve an issue that is not arbitrable because it is outside the scope of the arbitration agreement." *Trident Tech. Coll. v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 106, 333 S.E.2d 781, 786 (1985). After inviting the parties to help her identify any inaccuracies in the October 4 Award and considering Respondents' submissions to this end, the arbitrator determined that she made errors of fact and law in the October 4 Award. She then determined that under *Edwards*, she was permitted to correct these errors before finalizing the award. This determination relates to the *procedure* the parties agreed to—whether the arbitrator could issue a tentative order prior to issuing a final one—and "[c]ourts defer to the [arbitrator] both on the merits of the final decision and on procedural questions that 'grow out of the dispute,' even where those questions 'bear on its final disposition.'" *Group III Mgmt., Inc. v. Suncrete of Carolina, Inc.*, 425 S.C. 141, 150, 819 S.E.2d 781, 785 (Ct. App. 2018) (quoting *UBS Fin. Servs., Inc. v. Padussis*, 842 F.3d 336, 339 (4th Cir. 2016)). As arbitrators are generally empowered to rule on procedural questions arising out of the dispute, we hold the arbitrator here did not exceed her power.

---

[4] We have located no case law in South Carolina explaining when an arbitration order is final when the parties did not agree in advance to this end, and there are divergent approaches in other jurisdictions as to how this question should be resolved. *Compare Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176–77 (2d. Cir. 1998) (holding the appropriate test for whether an arbitration award is final is whether the award resolves all issues between the parties that were submitted for arbitration such that no further adjudication is needed), *with Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999) ("Whether the [arbitration] award indicates that [it] is final and whether the arbitrator intended the award to be final are factors in determining if an arbitration award is final." (second alteration in original) (quoting *Local 36, Sheet Metal Workers Int'l Assoc. v. Pevely Sheet Metal Co.*, 951 F.2d 947, 949 (8th Cir. 1992))).

Further, we hold the arbitrator did not manifestly disregard the law. An arbitrator manifestly disregards the law such that a court may vacate the award when the award "is untethered from controlling legal principles known to, but shrugged off by, the arbitrator." *Waldo v. Cousins*, 442 S.C. 662, 669, 901 S.E.2d 276, 279 (2024). Notably, to meet this standard, the award must reflect "an intentional or reckless flouting of the law, not a mere error in interpreting it." *Id.* at 665, 901 S.E.2d at 278. The arbitrator noted in the January 23 Award that she interpreted *Edwards* as granting her the power to correct errors of fact and law in her initial award. Thus, at best, any error on the arbitrator's part here reflects a mere error in interpreting the law, *not* a reckless or intentional flouting of it.

Because the arbitrator neither exceeded her power nor manifestly disregarded the law as Appellant avers, we affirm the circuit court's refusal to vacate the January 23 Award.[5]

As to Appellant's second issue, we hold the circuit court did not err by refusing to sanction Respondents. Though it would appear Respondents violated Rule 8(a), SCADR, we review the circuit court's decision to grant or deny sanctions under Rule 10(b), SCADR for abuse of discretion. *See Davis v. Parkview Apartments*, 409 S.C. 266, 281, 762 S.E.2d 535, 543 (2014) (noting that, in the discovery violation context, appellate courts "will not interfere with 'a trial court's exercise of its discretionary powers with respect to sanctions imposed in discovery matters' unless the court abuses its discretion" (quoting *Karppi v. Greenville Terrazzo Co., Inc.*, 327 S.C. 538, 542, 489 S.E.2d 679, 681 (Ct. App. 1997))); *see also* Rule 10(b), SCADR (providing that a court "may" impose any lawful sanctions upon a party that violates the ADR rules without good cause). The circuit court contemplated the impact of the disclosure and determined no damage was done, so no sanctions were necessary. We see no reason to disturb this exercise of discretion on appeal.

For these reasons, the circuit court's order is

**AFFIRMED.**

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[5] We acknowledge Appellant's argument that the arbitrator erred by concluding that the Federal Arbitration Act (FAA) did not govern the arbitration. However, regardless of whether the arbitration was governed by the FAA or the South Carolina Uniform Arbitration Act, our conclusion that the arbitrator neither exceeded her power nor manifestly disregarded the law applies in equal force.